## PLANTE v. FULLERTON.

No 4051. Opinion Filed April 13, 1915.

(148 Pac. 57.)

1. **FRAUDS, STATUTE OF—Contract to Convey Land—Validity.** A contract for conveyance of land, valid under the statute of frauds, may be made by means of letters and telegrams signed by the parties to be charged.

2. **SPECIFIC PERFORMANCE—Land Sale Contract.** In an action for specific performance of an alleged contract for the sale of realty, it is not the function of a court of equity to enlarge upon negotiations between, or complete a contract for, parties who have not themselves agreed fully upon its terms, but only to enforce rights arising out of a valid, existing agreement.

3. **SPECIAL PERFORMANCE—Contract to Sell Realty—Petition—Sufficiency.** Petition examined and held not to, state a cause of action.

(Syllabus by Bleakmore, C.)

*Error from District Court, Comanche County;*

*J. T. Johnson, Judge.*

Action by P. G. Fullerton against C. J. Plante. Judgment for plaintiff and defendant brings error. Reversed and rendered.

*H. A. Smith,* for plaintiff in error.

*McElhoes, Ferrie & Rhinefort,* for defendants in error.

· BLEAKMORE, C. This case presents error from the district court of Comanche county and is an action for the specific performance of a contract to convey realty. The parties will be referred to herein as they appeared in the trial of the court.

On the 21st day of May, 1910, the plaintiff, P. G. Fullerton, filed in said court the following petition:

"Comes now the above-named plaintiff and states that he was desirous of purchasing lot 31 in block 51 in the city of Lawton, state of Oklahoma, and on or about the 1st day of April, 1910, addressed the owner, the defendant herein, asking if said lot was for sale and at what price, and stating that he desired to purchase the same. The plaintiff does not have said letter and for that reason is unable to set out a copy of the same herein. In reply to said letter plaintiff received a definite offer and proposition, as is shown by Exhibit A heretofore attached and made a part hereof. Immediately upon the receipt of said Exhibit A plaintiff accepted the proposition of said defendant and wired him to that effect, a copy of which telegraphic message is hereto attached, marked Exhibit B and made a part hereof, and the letter which was referred to in said telegram, a copy of which is hereto attached and marked Exhibit C and made a part hereof.

"And thereafter, to wit, on May 11, 1910, plaintiff again wrote, the defendant, demanding transfer of the property, as is shown by a lettter, a copy of which is hereto attached, marked Exhibit D and made a part hereof. Plaintiff received no response to Exhibit C, but did receive a response to Exhibit D, a copy of which is hereto attached and marked Exhibit E and made a part hereof.

"The plaintiff never received any further communications from the defendant herein other than as herein shown by said letters, and has always been able and ready and willing to purchase the lot upon the terms agreed upon in said exhibits. Plaintiff has performed all the conditions imposed by said agreement of purchase and is now ready and willing to accept said lot and herewith tenders the money into court for payment of the same.

"Wherefore, plaintiff prays that the court decree title to lot 31 in block 51 in the city of Lawton, state of Oklahoma, to be

in the plaintiff, and that the defendant be required to make, execute, and deliver to the plaintiff a good and sufficient warranty deed."

### "Exhibit A.

"Lemon Grove, Calif. April 12, 1910.

"Mr. P. G. Fullerton, Lawton, Oklahoma—Dear sir: Your letter mailed to me at Rulo, Nebr., has just reached me at my home here and in reply will say that my lot in Lawton is for sale at $750.00. In corresponding with me be sure to spell my name with a 'P' instead of 'B' as I may not receive communications otherwise.

"Very truly yours, C. J. Plante."

### "Exhibit B.

"Lawton, Okla. April 18, 1910.

"To C. J. Plante, Lemon Grove, Calif.: I accept your proposition on lot. Letter and deed follow.

P. G. Fullerton."

### "Exhibit C.

"Lawton, Okla. April 18, 1910.

"Mr. C. J. Plante, Lemon Grove, Calif.—Dear Sir: I am in receipt of your letter of the 12th in which you say your price on lot 31, block 51, Lawton, is $750.00. That is a pretty stiff price, but as I want the lot right away for a purpose, I have decided to give it. I inclose deed for you to make out. If you are a married man, your wife should join with you. If your first name is given in full in the patent, put it the same in the deed. I expect of course that the taxes are paid for 1909, and I want an abstract that will show the title good in you. You can send the deed to the First National Bank of Lawton, or to any other bank for collection, and your money is ready for you. The abstract will not cost much and you can instruct the bank to have it made and pay for it out of the proceeds. I hope the matter will be closed up without delay.

"Yours truly, P. G. Fullerton."

"Exhibit D.

Lawton, Okla. May 11, 1910.

"Mr. C. J. Plante, Lemon Grove, Calif.—Dear Sir: About three weeks ago I wrote you accepting your offer to sell lot 31, block 51, Lawton, for $750.00. I have not heard from you on the matter and am a little anxious to have the matter closed up. On accepting your offer, I sold some other property because I was depending on this. Let me hear from you in regard to the delay. I find that last year's taxes amounting now to $25.00 are not yet paid.

"Yours very truly,      P. G. Fullerton."

"Exhibit E.

"Lemon Grove, Calif. May 16, 1910.

"Mr. P. G. Fullerton, Lawton, Okla.—Dear sir: Your letter of the 11th inst., just received and in reply will say, that a few days after making you the price of $750.00 I received a letter from my brother stating that lots all around mine were selling for from $1,000.00 to $1,500.00, so I am holding for $1,300.00.

"Very truly yours,      C. J. Plante."

Service was had by publication, and on August 31st, following, there was judgment for plaintiff by default. Thereafter, on May 9, 1911, said default judgment was vacated, and defendant permitted to interpose a general demurrer to said petition. The demurrer was overruled, to which exception was duly taken. Whereupon defendant answered, and upon trial to the court, on December 8, 1911, decree was rendered ordering and directing defendant to execute warranty deed conveying the lot in question to the plaintiff.

There are numerous assignments of error, only one of which, to wit, error in overruling the demurrer to the petition, need be considered in determining this case.

The sole question to be considered is, Does it appear from the petition that a contract for the conveyance of the lot in

question was ever consummated between plaintiff and defendant? That such a contract, valid under the statute of frauds, may be made, evidenced by letters and telegrams signed by the parties to be charged, is the settled rule in this state (*Atwood v. Rose,* 32 Okla. 355, 122 Pac. 929) ; and that whether such writings constitute a contract is a question of law to be determined by the court is also equally well settled (*American Jobbing Ass'n v. James,* 24 Okla. 460, 103 Pac. 670). The letters and telegrams passing between the parties must be considered together as constituting one instrument evidencing the agreement, if any, entered into and completed between them.

In an action for specific performance, it is not the function of the court of equity to enlarge upon negotiations between, or complete a contract for parties who have not themselves fully agreed upon its terms; but only to enforce rights arising out of a valid, existing agreement. In the instant case plaintiff wrote to defendant inquiring whether the lot was for sale, and if so, at what price, expressing the desire to purchase it. The defendant answering stating, "My lot in Lawton is for sale at $750." Had plaintiff unconditionally accepted such proposal by letter or telegram, the contract would have been consummated; but, instead, he telegraphed, "I accept your proposition on lot. Letter and deed follow," and simultaneously wrote to defendant himself proposing certain conditions, to wit: Payment of taxes for 1909; that defendant furnish abstract showing title in defendant to be paid for by him, and designating as the agent of defendant a bank at Lawton, to which the proposed deed should be sent, and which should collect and remit to him the purchase price. None of these conditions or counter proposals were ever accepted or agreed to by defendant. At no time did the minds of the parties meet. There was no mutual agreement, and, therefore, no contract.

In *Atwood v. Rose, supra,* it is said:

"No contract is complete without the mutual assent of all the necessary parties to all its terms. An offer to sell imposes

no obligations until it is accepted according to its terms. So long as the negotiation remains open, neither party is bound; the one may decline to accept, or the offer may be withdrawn by the other. A proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer. The offer of acceptance upon modified or added terms would be a new or counter proposal, which would require an acceptance according to its terms before it could be said that a contract had been made. 9 Cyc. 245-248, note C; 7 A. & E. Ency. Law (2d Ed.) 113; *Green v. Cole,* 103 Mo. 70, 15 S. W. 317; *Braeutigam v. Edwards,* 38 N. J. Eq. 542; *Hartford, etc., R. Co. v. Jacksc...* 24 Conn. 514, 63 Am. Dec. 177; Anson on Contracts, 2; *Minneapolis & St. L. Ry. Co. v. Columbus R. Mills,* 119 U. S. 149, 7 Sup. Ct. 168, 30 L. Ed. 376; American Cases on Contracts, 74."

The petition failed to state a cause of action. The demurrer should have been sustained. The case should, therefore, be reversed and rendered.

By the Court: It is so ordered.