### FRANCHOT v. NASH et al.

No. 7057—Opinion Filed Sept. 26, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 935.)

1. **Specific Performance—Relief — Description of Property.**

A contract for the conveyance of land which a court of equity will specifically enforce must be certain in its terms, and such certainty applies to both the description of the land and the estate to be conveyed; and where the property cannot be identified as the property described in the contract, specific performance will be denied.

2. **Specific Performance — Petition — Sufficiency.**

A demurrer is good against a petition asking for specific performance, which shows on its face that the cause of action is based upon a contract for the sale of real estate, when the contract which is set out in the pleadings fails to describe or designate with any reasonable certainty any particular tract of land.

(Syllabus by Jones, C.)

Error from District Court, McCurtain County; Summers Hardy, Judge.

Action by N. V. V. Franchot against Mrs. C. H. Nash and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Sherman, Veasey & O'Meara, for plaintiff in error.

E. C. Armstrong, for defendants in error.

Opinion by JONES, C. This is a suit asking for specific performance of a contract of sale wherein it is alleged by the plaintiff in error, who will hereinafter be called plaintiff, that the defendant in error, who will hereinafter be called defendant, agreed to sell to plaintiff certain lands described as "The Narrows."

The facts are that the plaintiff and defendant had some correspondence in the month of April, 1914, and on June 12, 1914, the defendant wrote the plaintiff as follows:

"I wrote you some time ago and addressed my letter to the Tulsa Hunting Club. I was informed that the Club was no more. I am ready to let you have 'The Narrows' at your figures if you still care to buy."

Plaintiff alleges that he received such letter and accepted such proposition in writing, and so notified the defendant, and that the defendant afterwards declined to convey said property. To the petition of the plaintiff the defendant filed a general demurrer, which was sustained by the court, from which action of the trial court the plaintiff appeals to this court.

From the brief of plaintiff and defendants in error we take it that there is but one question for consideration in this case and that is: Was the declaration in the letter which is set out in the petition of the plaintiff, as follows:

"I wrote you some time ago, and addressed my letter to the Tulsa Hunting Club, and was informed that the Club was no more. I am ready to let you have 'The Narrows' at your figures, if you still care to buy."

—a sufficient description of the land and character of the title to be conveyed upon which to base a suit for specific performance? We find from the reading of the petition that the plaintiff refers to "The Narrows" as a locality well known, and he alleges in his petition that it consists of a certain tract of land containing 160 acres, more or less, and then further alleges that the plaintiff believes that the defendant is the owner of other lands in that locality, and alleges that he bought in the vicinity of this land other lands, from which we conclude that "The Narrows" could not be descriptive of any particular tract of land, but very evidently is descriptive of some place of locality. The petition on its face we think clearly shows that there was no definite meeting of the minds of the plaintiff and defendant as to the amount of land to be conveyed, or as to any particular tract of land, so far as is disclosed by the pleadings, nor the character of the title to be given.

We think the principle of law involved in this case is clearly enunciated in the case of Powers v. Rude et al., 14 Okla. 382, 79 Pac. 89, where the following language is used:

"A contract for conveyance of land which a court of equity will specifically enforce must be certain in its terms, and such certainty applied to both the description of the property and the estate to be conveyed; and where the property cannot be identified as the property described in the contract, specific performance will be denied."

We therefore hold that the demurrer to the petition was properly sustained by the trial court.

The judgment of the trial court is therefore affirmed.

By the Court: Is is so ordered.