**LONGFELLOW et al. v. BYRNE et al.**

No. 8669—Opinion Filed April 9, 1918.

Rehearing Denied Aug. 20, 1918.

(174 Pac. 745.)

(Syllabus.)

1. **Tenancy in Common—Purchaser From Tenant in Common.**

A purchaser of the share in lands of a tenant in common becomes a tenant in common with the other tenants in common owning an interest therein.

2. **Tenancy in Common—Adverse Possession—Presumption—Tenants in Common.**

Undisturbed possession of real property as a tenant in common for the period of ten years, without acts of exclusion equivalent to an ouster, raises no presumption of adverse possession as against other tenants in common.

3. **Champerty and Maintenance—Conveyance Between Tenants in Common—Statute.**

The deed by one tenant in common, not in actual possession, of his interest in the land, is not affected as against another tenant in common, in possession, by the champerty statute (section 2260, Rev. Laws 1910), which provides · "Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor."

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action between J. M. Longfellow and others and J. L. Byrne and others. Judgment

for the latter on the pleadings and the former bring error. Affirmed.

W. L. Cheatham and McGuire & Devereux, for plaintiffs in error.

Miller & Dean, for defendants in error.

KANE, J. This was an action affecting the title to real estate wherein judgment was rendered upon the pleadings, and the only error assigned is error of the court in rendering judgment upon the pleadings. From an examination of the brief of counsel for plaintiff in error, it appears that whether the judgment rendered upon the pleadings was erroneous turns upon the question whether a certain deed made by one John Johnson, one of the defendants in error, purporting to convey his interest in the land in controversy to the defendant in error Byrne, was champertous. If this deed was champertous, it seems to be conceded that the judgment rendered below must be reversed; otherwise, it must be affirmed.

The land in controversy was allotted to Emma Rogers, a Creek freedwoman, who died on the 28th day of February, 1909, prior to receiving her allotment, leaving surviving her her husband, John Johnson, a noncitizen of the Creek Nation. James Rogers, her father, a noncitizen of the Creek Nation, and her mother, Eliza Rogers, who was a citizen of the Creek Nation. Byrne, the defendant in error, deraigned his title from John Johnson, whilst all the plaintiffs in error deraigned their title through James and Eliza Rogers. The plaintiff in error Longfellow went into possession of the premises immediately after receiving his deed and was in possession and receiving the rents and profits of the land for several years prior to the date of the deed from John Johnson to Byrne. It is conceded that the land involved was not restricted, it being the class of land from which restrictions were removed by act of Congress. The contention of counsel for plaintiffs in error is that, inasmuch as the land was unrestricted, the conveyance by Johnson to Byrne was champertous as against Longfellow, who was in possession, and the case is governed by the following authorities: Miller v. Fryer, 35 Okla. 145, 128 Pac. 713; Arthur v. Coyne, 32 Okla. 527, 122 Pac. 688; Sims v. Brown et al., 46 Okla. 767, 149 Pac. 876; Gillum v. Anglin, 44 Okla. 684, 14 Pac. 1145.

These authorities seem to support the contention that the provisions of the champerty statute are applicable to deeds conveying Indian lands from which restrictions have been removed. But it is contended, on

the other hand, that conceding this, it being shown that Longfellow and Johnson were tenants in common, the possession of a tenant in common, no matter how full and complete, does not operate as an ouster of his cotenant, or amount to adverse possession as against his cotenant. In such circumstances, there must be something to show a denial or repudiation of the cotenant's rights or the possession will be deemed to be held in subordination to the rights of the cotenant. In the case at bar it is not seriously contended that John Johnson, the grantor of the defendant in error Byrne, and a tenant in common with the other heirs, was one of the legal heirs of the deceased allottee, Emma Rogers. Conceding this, it follows that Longfellow and his coplaintiffs in error, being purchasers from the other heirs, became tenants in common with Johnson. 38 Cyc. 10. In these circumstances, the possession of the land by the Longfellows and the other plaintiffs in error who deraigned their title from the other heirs did not constitute adverse possession as against their tenant in common, Johnson. Chouteau v. Chouteau, 49 Okla. 105, 152 Pac. 373; Squires et al. v. Clark et al., 17 Kan. 84; Warfield v. Lindell, 30 Mo. 272, 77 Am. Dec. 614; Colman et al. v. Clements et al., 23 Cal. 245.

In Dobbins v. Dobbins, 141 N. C. 210, 53 S. E. 870, 115 Am. St. Rep. 682, 8 Ann. Cas. 361, as reported in 10 L. R. A. (N. S.) 185, there is an exhaustive note upon the presumption of ouster of one tenant in common from long-continued undisturbed possession of another. The cases collected by the annotator show that the period adopted by the courts varies from 20 to 40 years. None of the cases we have examined approve of the presumption of ouster after 10 years' occupancy, the period alleged herein by the Longfellows.

As no question is raised in the brief of counsel for plaintiffs in error as to Johnson's right to inherit from his deceased wife, or as to the action of the trial court in setting aside Johnson's former dismissal of his cause, we do not feel called upon to discuss these questions herein.

As the possession of one tenant in common without acts equivalent to an ouster, as we have seen, is presumed to be the possession of all, and the champerty statute (section 2260, Rev. Laws 1910) is only operative as between persons holding adversely (Huston v. Scott, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. [N. S.] 721; Powers et al. v. Van Dyke et al., 27 Okla. 27, 111 Pac. 939,

36 L. R. A. [N. S.] 96), it follows that the deed from Johnson to Byrne was not champertous, notwithstanding the possession of the Longfellows and the other plaintiffs in error.

For the reasons stated, the judgment of the court below must be affirmed.

All of the Justices concur.