### BOWKER v. LINTON et al.

No. 8506—Opinion Filed April 16, 1918.

(172 Pac. 442.)

**1. Specific Performance—Conveyance of Land.**

To entitle one to specific performance of contract for conveyance of land based upon letters, which were attached as exhibits to the petition, such letters must control in determining the contract, and must show an enforceable contract, be certain in their terms, both as to description of land and estate to be conveyed.

**2. Pleading—Letters.**

The letters which are attached to the petition in the case as exhibits, showing the contract sought to be enforced, must control when in conflict with the averment of the petition, in determining whether or not an enforceable contract has been entered into.

**3. Specific Performance—Conveyance of Land—Sufficiency of Petition.**

The petition in this case carefully considered, and held not to set up an enforceable contract of sale.

(Syllabus by Collier, C.)

Error from District Court, Pawnee County; Conn Linn, Judge.

Action for specific performance by Flora Bowker against Taylor Linton and others. Demurrer to petition sustained, and judgment for defendants, and plaintiff brings error. Affirmed.

Clark & Armstrong, for plaintiff in error.

McCollum & McCollum, for defendants in error.

Opinion by COLLIER, C. The plaintiff in error, hereinafter styled plaintiff, seeks by this action to have specifically performed by the defendants in error, hereinafter designated defendants, an alleged contract for the sale of the land described in the petition. It is averred in the petition that this contract for the purchase of said land was made by correspondence, and several letters are exhibited in support of the allegation of the petition, and in addition it is averred that the said defendants executed to the plaintiff and sent to the bank two deeds to the land in controversy, both of which deeds were rejected by the plaintiff.

We have carefully considered the petition, and are unable to find that the averments of the petition, including the exhibits thereto attached, show that an enforceable contract of sale was never entered into by and between the plaintiff and defendants for the land described in the petition. In said correspondence it nowhere appears as to what land was the subject of said alleged contract. It is averred in the petition that all of the defendants, acting through their duly authorized agent, the defendant Richard Linton, did upon the 17th day of February, 1912, write this plaintiff stating that upon the following Saturday the heirs would all meet and sign the proper deeds conveying title to the above described premises to the plaintiff herein.

Exhibit B reads as follows, and does not support the allegation of the petition as to the writer thereof being the agent of the defendants:

### Exhibit B.

"Holliday Cove, Feb. 7, 1912.

"My Dear Mrs. Bowker: Dated Feb. 3d, we received your kind and welcome letter which found us all well. Hope when this comes to hand it may find you and yours enjoying good health. Mrs. Baker, we have after a long time got all the heirs of Catherine Linton together. My sister that we had lost track of is here visiting my elder brother at this time and I seen all of them today and made arrangements for us all to meet in the city of Steubenville next Saturday morning at 9 a. m. and sign a paper conveying to you the place that you wanted to buy. We have the original land grant from the government that we made to Catherine Linton the twenty-fourth day of October, 1907. We will sign that and send to you with signatures of all the heirs. We will go before a notary and make affidavit to all the names if this will suit you. I have your article of agreement. Will not sign until we hear from you. Since we have all got together we would rather sell than to rent, but if you have changed your mind about buying we will rent. The balance of the heirs leave the business to me. I will forward the sworn signatures Saturday the 10th. Let me know by return mail your wishes.

"Richard Linton."

The defendants demurred to the petition, which demurrer the court sustained, and, the defendant having stood upon her petition, the court rendered judgment for the defendants, to which action of the court the plaintiff duly excepted, and brings error to this court.

In order to sustain an action for specific performance of a contract for the sale of land, it must be shown that the contract was in writing, or that part of the purchase price was paid, and the purchaser put in possession under the contract, otherwise the statute of frauds interdicts the specific performance.

To take the case out of the statute of frauds, it is said in 36 Cyc. p. 654:

"That taking possession in pursuance of the contract, together with payment in full or in part of the purchase price, is recognized by nearly all of the jurisdictions as a sufficient part performance, and the amount of the part payment appears to be immaterial."

And said text is supported by numerous cases from nearly all of the states of the Union and the Supreme Court of the United States.

In Franchot v. Nash, 62 Okla. 311, 162 Pac. 935, it is held:

"A contract for the conveyance of land which a court of equity will specifically enforce must be certain in its terms and such certainty applies to both the description of the land and the estate to be conveyed; and where the property (conveyed) cannot be identified as the property described in the contract, specific performance will be denied."

"A demurrer is good against a petition asking for specific performance which shows on its face that the cause of action is based upon a contract for the sale of real estate, when the contract which is set out in the pleadings fails to describe or designate with reasonable certainty any particular tract of land."

The correspondence which is attached as exhibits to the petition does not show that an enforceable contract was entered into by the defendants, or any agent duly authorized to act for them for the sale of the lands for which specific performance is prayed. This correspondence shows negotiations were entered into and an effort made to reach a contract for the sale of the lands, but does not show that a completed contract was entered into.

The deeds executed by the defendants to the plaintiff, and sent to the bank by them, were rejected by the plaintiff. The execution of deeds to land is not proof that a contract has been entered into by the plaintiff and defendants for the sale of the lands described in the deeds. Especially is this true where the deeds made by the defendants for the lands in controversy, which were sought to be delivered by the defendants, were rejected by the plaintiff.

It is conceded by the plaintiff that the correspondence which is attached as exhibits to the petition show that an enforceable contract was entered into by the plaintiff and defendants. These exhibits, it being averred that they constitute the contract, must control regardless of any conflicting averments in the body of the petition, and, as this correspondence does not show a complete contract, but, on the contrary, shows the contract was never consummated, we cannot agree with said contention of the plaintiff.

"The allegations of a petition challenged by a general demurrer must be construed in connection with the exhibits attached to the petition." Southern Surety Co. v. Municipal Excavator Company, 61 Okla. 215, 160 Pac. 617, L. R. A. 1917B, 558.

In First National Bank of Arkansas City v. Jones et ux., 2 Okla. 353, 37 Pac. 824, it is said:

"The demurrer admits everything alleged in the complaint to be true," as a rule; "but in a case of this kind, where the exhibits control, only that shown in the exhibits can be taken as true, because of the variance between the pleading and the exhibit."

In the instant case the contract was by correspondence, and the correspondence, so far as exhibited, shows that an enforceable contract was not entered into. If there was additional correspondence in regard to the sale which has not been set up in the petition, such additional correspondence cannot be considered, for the reason that we take the petition when challenged by demurrer, as it stands. In short, the letters attached as exhibits constitute alleged contract, and the sole question presented for this court is: Does such correspondence disclose an enforceable contract by and between the parties for the sale of the land for which specific performance is sought.

In Plate v Fullerton, 46 Okla. 14, 148 Pac. 87, it is held:

"In an action for specific performance of an alleged contract for the sale of realty, it is not the function of the court of equity to enlarge upon negotiations between, or complete a contract for, parties who have not themselves agreed fully upon its terms, but only to enforce rights arising out of a valid, existing agreement."

In Atwood v. Rose et al., 32 Okla. 355, 122 Pac. 929, it is held:

"No contract is complete, without the mutual assent of all the necessary parties to all its terms.

"An offer to sell imposes no obligations till it is accepted according to its terms. So long as the negotiations remain open neither party is bound; the one may decline to accept, or the offer may be withdrawn by the other.

"A proposal to accept or an acceptance of an offer of sale on terms varying from those offered is a rejection of the offer"—citing numerous authorities.

Of course, a contract for conveyance of land, valid under statute of fraud, may be made by means of letters signed by parties to be charged. In order to have an averred contract executed by letters specifically performed, it must clearly appear from such letters that a complete enforceable contract is embodied in said correspondence.

We are of the opinion that the exhibits to the petition, which control in testing the petition by demurrer, do not plead an enforceable contract for the sale of the lands, and that the court did not err in sustaining the demurrer to the petition.

This cause is affirmed.

By the Court: It is so ordered.