## TELFORD et al. v. RING.

No. 9648—Opinion Filed July 20, 1920.

(Syllabus by the Court.)

1. **Specific Performance — Conveyance of Land—Completeness of Contract.**

Where the court is compelled to enlarge upon negotiations to complete a contract for the sale of real estate, specific performance cannot be had.

2. **Vendor and Purchaser—Notice—Negotiations Between Vendor and Lessee.**

One desiring to purchase land from its owner is not put on inquiry as to any negotiations a lessee may be carrying on with the owner for the purchase of such land, by reason of the lease or possession under such lease.

3. **Specific Performance—Relief—Impossibility of Performance—Innocent Purchasers.**

Specific performance cannot be enforced on a contract where the vendor, who is a party to the contract, has conveyed the property to one who is free from equities.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by Charles Ring against B. W. Telford, Mrs. B. W. Telford, John H. McGee, and Elbert S. McGee for specific performance of a contract of sale of land. Judgment for plaintiff, and defendants bring error. Reversed.

George W. Partridge, E. W. Snoddy, and J. P. Grove, Sr., for plaintiffs in error.

Titus & Talbot, for defendant in error.

PER CURIAM. The plaintiff below, defendant in error here, commenced this action against the defendants below, plaintiffs in error here, for the specific performance of a contract for the sale of a tract of land situated in Alfalfa county. The defendants by way of answer set up a general denial, and pleaded further that no contract had been entered into, and impossibility of specific performance because of a previous sale to innocent purchasers.

The facts necessary for a decision may be summarized as follows: The plaintiff was in possession of the land involved as a tenant of the Telfords, the owners, under a lease expiring August 15, 1917. Plaintiff had entered into negotiations with B. W. Telford for the purchase of the land and had made at least two offers which B. W. Telford had refused; being told by him that the price offered was too low, that he had other parties trying to buy, and that what was done must be done soon. The contract which it is sought to specifically enforce, consisted of a series of letters passing between the plaintiff and B. W. Telford, none of which it is necessary to set out in this opinion.

No description of the land was given in any of the letters making up this correspondence. By these letters it was understood between the parties that the deed was to be sent by mail by the plaintiff to the defendant Telford to be signed, after which it was to be returned to the Carmen National Bank, the Telfords agreeing that the bank should pay off the mortgage out of the $5,000 presumed to be placed there by plaintiff. After these things were done the balance of the purchase price was to be forwarded to Telford.

While these negotiations were in progress the Telfords were also negotiating with the defendants, the McGees, with the view of selling them the same land; these latter negotiations resulting in the conveyance of the

land to the McGees before the plaintiff's letter accepting Telford's terms was received by the latter, but after the letter had been mailed.

Defendants objected to the introduction of testimony on the part of the plaintiff on the ground that plaintiff's petition did not state facts sufficient to constitute a cause of action, and after the introduction of plaintiff's evidence demurred thereto on the ground that the same was insufficient to sustain a verdict in favor of plaintiff and against the defendants, which demurrer was overruled.

The general rule is that where the court is compelled to enlarge upon negotiations to complete a contract for the sale of real estate, specific performance cannot be had. Franchot v. Nash et al., 62 Okla. 311, 162 Pac. 935; Bowker v. Linton, 69 Oklahoma, 172 Pac. 442; Plante v. Fullerton, 46 Okla. 11, 148 Pac. 87; Powers v. Rude et al., 14 Okla. 381, 79 Pac. 89; Atwood v. Rose et al., 32 Okla. 355, 122 Pac. 929.

But if, as counsel for the plaintiff contend, the general rule, on account of the state of the pleadings, is not applicable to the case at bar, still specific performance cannot be had, even if the contract were complete and binding on defendant Telford, for the reason that the McGees were innocent purchasers. Although plaintiff's letter purporting to be an acceptance of defendant B. W. Telford's offer of August 1st was mailed August 6th, it was not received until after defendants B. W. Telford and Mrs. B. W. Telford had made and executed a deed on August 8, 1917, to John J. McGee and Elbert S. McGee. The offer of the defendants McGee was made about July 15, 1917. At that time the only information the defendants McGee could have obtained in reference to plaintiff's intention to purchase, if they had inquired of the plaintiff, who was then in possession of the land under a lease terminating August 15, 1917, was that plaintiff was negotiating for the purchase of the land, if plaintiff had been inclined to give them this information. But the defendants McGee were under no obligation to make inquiry of this character. They were presumed to know plaintiff was in possession of the land as a tenant of Telford, but such information imposed no obligation upon them to pursue the inquiry any further than that.

One desiring to purchase land from its owner is not put on inquiry as to any negotiations a lessee may be carrying on with the owner for the purchase of such land, by reason of the lease or possession under such lease.

Specific performance cannot be enforced on a contract where the vendor, who is a party to the contract, has conveyed the property to one who is free from equities. Beatty v. Wintrode Land Co. et al., 53 Okla. 118, 155 Pac. 574; Halsell v. Renfrow, 202 U. S. 287, 50 L. Ed. 1032, 6 Ann. Cas. 189.

For the reasons stated, specific performance cannot be had. The cause is reversed, with directions to enter judgment for the defendants McGee for possession of the land.

RAINEY, C. J., HARRISON, V. C. J., and PITCHFORD, JOHNSON, McNEILL, and RAMSEY, JJ., concur.