## SPRADLING v. GLENN.

No. 12036—Opinion Filed Sept. 18, 1923..

(Syllabus.)

1. **Quieting Title—Defenses—Burden of Proof.**

Where, in a suit to quiet title, the defendant files an answer in which he admits the legal title to the property to be in the plaintiff, but asserts that plaintiff holds same in trust for him, and asks for specific performance, held, that the burden of proof is upon the defendant.

2. **Same—Title of Plaintiff.**

In a suit to quiet title, it is not necessary for the plaintiff to deraign title from the government where both parties deraign title from a common grantor.

3. **Specific Performance—Contract to Sell Realty—Scope of Relief.**

In an action for specific performance of an alleged contract for sale of realty, it is not the function of a court of equity to enlarge upon the negotiations between the parties or complete the contract terms, but only to enforce the rights arising out of a valid, existing agreement.

Error from Superior Court, Tulsa County; L. J. Martin, Judge.

Action by F. E. Glenn against M. C. Spradling. Judgment for plaintiff, and defendant brings error. Affirmed.

M. C. Spradling and Robert J. Boone, for plaintiff in error.

Davidson & Williams, for defendant in error.

COCHRAN, J. This action was instituted by defendant in error to quiet title to a lot in Tulsa. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court. The defendant claimed to be the equitable owner of the property by reason of a contract of purchase alleged to have been made by him with E. W. Murphree on May 2, 1917. The answer of the defendant alleged that the plaintiff purchased the property on June

26, 1917, from Hugh Gardner, grantee and agent of E. W. Murphree, and that the plaintiff ever since that date has held the property as trustee for the use and benefit of the defendant, and that the plaintiff acquired title to the property subject to the rights of the defendant, and prayed that he be adjudged the owner of the lot and that the plaintiff be required to execute a deed to him therefor. The defendant introduced certain letters, which he contends constitute a contract for the sale of the property by Murphree to him, and offered in evidence an affidavit recorded in Tulsa county, on June 7, 1917, in which he stated that he claimed the right to deed the property by reason of a contract with the owner and that he intended to seek a performance of such contract. This affidavit was excluded by the trial court on the ground that it was not such an instrument as is subject to record, and hence was not constructive notice of the contents. Plaintiff introduced a deed from Murphree to Gardner dated May 30, 1917, and a deed from Gardner to plaintiff dated June 26, 1917. The evidence was closed and judgment rendered for the plaintiff.

Defendant complains, first, of the action of the trial court in requiring the defendant to assume the burden of proof and cites authorities holding that, in a suit to quiet title. the burden of proof is upon the plaintiff to prove his title and that he is in possession. Where the pleadings claim the defendant is entitled to a specific performance of a contract to convey the real estate to him, the burden of proof is determined by the pleadings and is upon the defendant. In this case the answer of the defendant alleged the purchase of the property by plaintiff from Gardner, who purchased from Murphee, the same person with whom defendant alleged he had a contract for the purchase of the property, and alleged, further, that the plaintiff had held the premises ever since June 26th, and also admits that defendant has clouded the plaintiff's title by placing the affidavit on record and asks affirmative relief against the plaintiff, whom he alleges holds the property in trust for him, although having the legal title thereto. In these circumstances the trial court properly placed the burden of proof on the defendant. Sears v. Murdock (Ore.) 117 Pac. 305; Laffare v. Knight (Tex.) 101 S. W. 1034.

It is next contended that the evidence was insufficient to sustain the judgment for plaintiff because the plaintiff did not deraign his title back to the government, but only introduced deeds from Murphree to Gardner and Gardner to plaintiff. Both parties claiming title through Murphree it is unnecessary to deraign title further than Murphree, the only issue being the rights of the respective parties acquired from Murphree. Riley v. O'Kelly (Nev.) 157 S. W. 566; Peoples Bank v. West (Miss.) 7 South. 513, 8 L. R. A. 737; 32 Cyc. 133.

Defendant next complains of the action of the court in sustaining demurrer to his evidence and excluding the recorded affidavit. The court properly excluded the affidavit, as there was no binding contract between Murphree and defendant, or such contract as could have been enforced against Murphree, hence it was immaterial whether the plaintiff had constructive notice on account of the recorded affidavit, or not. The facts in this case are very similar to those in Plante v. Fullerton, 46 Okla. 11, 148 Pac. 57, in which the court said:

"In an action for specific performance of an alleged contract for the sale of realty, it is not the function of a court of equity to enlarge upon negotiations between, or complete a contract for, parties who have not themselves agreed fully upon its terms, but only to enforce rights arising out of a valid, existing agreement."

In the case at bar, the offer was not accepted, but a counter proposition was submitted. In this counter proposition $175 in cash was offered instead of $200, to be paid one-half cash and one-half on time, and it was specified that the 1916 taxes were to be paid and abstract furnished for examination and payment to be made on approval of title, and Central National Bank of Tulsa was designated as the agent of defendant to which deed with draft attached should be sent and through which the purchase price would be paid if conditions were met. None of these conditions were in the original offer, and the counter proposition was never accepted, hence the minds of the parties never met and there was no contract.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, and MASON, JJ., concur.