FIRST NAT. BANK & TRUST CO. et al.
v. BOHANON'S HEIRS, etc., et. al.

No. 32984.   Oct. 14, 1947.

Rehearing Denied Feb. 10, 1948.

*189 P. 2d 612.*

H. A. Ledbetter, of Ardmore, for plaintiff in error.

Twyford, Smith & Crowe, of Oklahoma City, and Hardin Ballard, of Purcell, for defendant in error.

CORN, J. This was a suit to quiet title. The petition was in the ordinary form except that it set up a copy of a certain warranty deed from S. A. Apple to John F. Carraway dated the 31st day of December, 1931, and alleged that the defendant claimed some right, title or interest in and to the real estate described, and prayed that they be required to set up any interest they claimed in or to the same. Pearl Gill and Sam S. Gill answered and filed a cross-petition, alleging that they owned certain surface rights in and to said property, and in addition thereto, an undivided five acres of the oil, gas and other minerals in and under said land and prayed that their title be quieted thereto. By leave of court Walter J. Stark and James T. Jackson intervened in the action, alleging that Stark was the owner of an undivided six and two-thirds acres of the fee-simple title, including the oil, gas and other minerals in and under said tract of land, and that Jackson was the owner of an oil and gas lease covering the interest owned by Stark, and they prayed that their title be quieted thereto. The defendants and interveners claimed by mesne conveyances, under the John F. Carraway deed. It appears that on the 31st day of December, 1931, at the time S. A. Apple executed and delivered the deed to John F. Carraway that S. A .Apple and Wirt Franklin were the owners in fee simple as tenants in common of the entire 70-acre tract of land. The plaintiff contended that the deed from S. A. Apple to John F. Carraway conveyed surface rights only and no mineral rights whatsoever, while the defendants and interveners claimed that the deed conveyed an undivided 30-acre interest of the surface rights and conveyed one-half of the minerals thereunder, or 15 acres of the oil, gas and other minerals. The defendants pleaded that if the court found that the deed was ambiguous on its face that evidence should be admitted to show the real intention of the parties. The trial court found that the deed was ambiguous as to whether or not the deed conveyed all of the minerals under the undivided 30 acres or one-half thereof, to Carraway, as it was not clear whether the grantor intended to except the Wirt Franklin one-half interest in the deed or to reserve one-half of the grantor's minerals under the undivided 30 acres conveyed. The court found from the evidence that the grantor, S. A. Apple, intended to convey and did convey to John F. Carraway an undivided 30 acres of the surface rights and an undivided 15 acres of the oil, gas and other minerals in and under the same, and entered judgment accordingly. The finding of the trial court is supported by the evidence. There is no contention

that the finding is against the evidence, or that it is not supported by the evidence.

This case falls within the rule laid down by this court to the effect that if the intention of the parties to a deed is plain, parol evidence is not admissible, but where a deed is uncertain parol evidence, admission of the parties, and other extraneous circumstances may be proved to ascertain its true meaning. Wilson v. Olsen, 167 Okla. 527, 30 P. 2d 710; Rogers v. Kinney, 122 Okla. 73, 250 P. 890; Hampton v. Kessler, 193 Okla. 619, 145 P. 2d 955.

There is no merit in the contention that Sam S. Gill, one of the defendants, was an incompetent witness to testify to the transaction with S. A. Apple, deceased, under 21 O. S. 1941 §348. Gill did not take his cause of action "immediately" from S. A. Apple. There were several intervening conveyances between Apple and Gill. This statute is strictly construed and means "directly without an intermediary." Webb v. Burnam et al., 111 Okla. 248, 239 P. 653; Wilcox v. Wilcox, 180 Okla. 228, 68 P. 2d 494; Ward v. Ward, 189 Okla. 609, 119 P. 2d 64; York v. Long, 186 Okla. 643, 99 P. 2d 1041; Bush v. Bush, 142 Okla. 152, 286 P. 323; McCann v. Hartman, 190 Okla. 264, 122 P. 999.

The remaining question is one of champerty. At the close of the evidence the plaintiff amended its petition by alleging that the conveyances passing title from the grantees of John F. Carraway to the defendants, Pearl Gill and Sam S. Gill, and Walter J. Stark, were in violation of 21 O.S. 1941, §548, which prohibits the making of conveyances of pretended titles to any land where the grantor has not been in possession thereof or taken rents or profits therefrom for a period of one year prior to such grant. The defendants and intervener, by leave of court, amended their pleadings whereby they denied the allegations of the amended petition setting up the defense of champerty to the respective causes of action, and further elected to prosecute their causes of action in the names of their respective grantors. The trial court found the issues generally in favor of defendants and intervener on this issue. One of the tenants in common, Franklin, collected the rents and paid the taxes, but there was no evidence of actual ouster of the cotenants by Franklin, or that his possession was adverse to that of the other cotenants. We have held in a number of cases that the possession of one cotenant is the possession of all, and that a deed made by one cotenant or tenant in common to a third person does not fall within the inhibition of the champerty statute. Longfellow et al. v. Byrne et al., 68 Okla. 314, 174 P. 754; Aldrich v. Hinds, 116 Okla. 300, 245 P. 854; Harrison v. Crume, 110 Okla. 87, 236 P. 388; Coats et al. v. Riley et al., 154 Okla. 291, 7 P. 2d 644; Ludey v. Pure Oil Co. et al., 157 Okla. 1, 11 P. 2d 102. The finding of the trial court against the defense of champerty is fully sustained by the evidence, and the law.

The defendants and intervener had a right to maintain their respective causes of action against the plaintiff in the names of their grantors, and the trial court was correct in permitting them to amend their pleadings for that purpose. Gannon v. Johnston, 40 Okla. 695, 140 P. 430, Ann. Cas. 1915D, 522; Slyman v. Alexander, 126 Okla. 232, 259 P. 224; Harjo et al. v. Owensby et al., 66 Okla. 315, 169 P. 875; Buell et al. v. U-Par-har-ha et al., 60 Okla. 79, 159 P. 507. Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, GIBSON, and LUTTRELL, JJ., concur.