## BADER v. BADER et al.

No. 35261.    Jan. 10, 1953.

*252 P. 2d 427.*

Arney & Barker, Clinton, for plaintiff in error.

Darnell & Gibson, Clinton, for defendant in error Oklahoma National Bank of Clinton.

Arney & Arney, Weatherford, for Marie S. Bader.

WELCH, J.  Hugo Bader commenced this action against Marie S. Bader and others, including the Oklahoma Nation-

al Bank of Clinton, Oklahoma, a corporation, to quiet title to an interest in real estate, and for partition of the property.

In petition the plaintiff averred that he and the defendants are the owners of a certain described city lot in respective portions as follows: The plaintiff, Hugo Bader, a one-sixth undivided interest; the defendant, Marie S. Bader, a one-third undivided interest; and the defendants, Johnny Bader and Edison Bader, and Oklahoma National Bank, each, a one-sixth undivided interest. That the property was purchased with assets of the estate of Waldo S. Bader, deceased, which assets belonged to plaintiff and the defendants, Marie S. Bader, Johnny Bader, Edison Bader and Waldo Bader. That deed to the property was taken in the name of Marie S. Bader and Waldo Bader, and said grantees of record held title to the property as trustees for the use and benefit of the plaintiff and all the parties, Bader, owners of the assets of the estate of Waldo S. Bader, deceased. That the defendant bank received a deed to the property executed by Waldo Bader, and with knowledge of the claims of interest of the various parties, Bader, heirs of Waldo S. Bader, deceased.

The defendant Bank for answer and cross-petition averred that it owns a 5/8ths undivided interest in the property; that it purchased the 5/8ths interest from Waldo Bader, in reliance on the official records pertaining to the title to said property when then disclosed that Waldo Bader was the owner of an undivided 5/8ths interest in said property; that it purchased said interest and received deed from Waldo Bader without notice or knowledge of any adverse claims of the plaintiff. The defendant Bank prayed that its title be quieted, and for partition of the property.

The plaintiff's request for a jury trial was denied.

On trial of the action there was record evidence introduced which shows that Marie S. Bader and Waldo Bader acquired title to the property by warranty deed, executed by the then record owner. Thereafter Marie S. Bader executed a warranty deed to one-third interest in the property to Waldo Bader, Hugo Bader, Johnny Bader and Edison F. Bader. Thereafter Marie S. Bader executed a quitclaim deed to the property to Johnny Bader, Waldo Bader, Hugo Bader and Edison Bader. Thereafter Marie S. Bader filed of record on affidavit in which she stated that she and Waldo Bader purchased the certain property that is here in controversy, at a certain purchase price, and that they borrowed certain sums from various parties to pay said purchase price, including a certain sum borrowed from the Waldo S. Bader estate, and that a certain sum was borrowed from the Waldo S. Bader estate and used for the repair of said property.

The defendant bank, after an examination of the record pertaining to the title to the property, for value, purchased the interest of Waldo Bader, and Waldo Bader executed a deed to a 5/8ths undivided interest in the property to the defendant bank.

It was shown that Marie S. Bader, Waldo Bader, Hugo Bader, Johnny Bader and Edison Bader are, respectively, the widow and the sons, and all the sole heirs of Waldo S. Bader, deceased. Evidence was introduced concerning the management of the estate of Waldo S. Bader, deceased.

There was testimony to the effect that shortly after title to the property was taken in the name of Waldo Bader and Marie S. Bader the property was rented to a tenant who continued in possession and paid rent for the use of the premises over a period of years and to the time that the defendant bank acquired its deed from Waldo Bader; that in such time Marie S. Bader collected rentals and in such time she and the other Baders, Waldo, Hugo, Edison and Johnny, shared in the proceeds from the rental of the property. That at a time before the defendant

bank had acquired its deed from Waldo Bader, the president of the bank, in conversation with Marie S. Bader, expressed a desire to purchase the property, whereupon she "told him to see the other boys and Waldo, that they all had an interest in it."

At the close of the evidence the trial court sustained the contention of the defendant bank. The court made and entered findings as follows:

"That all of the property as set forth in plaintiff's petition was acquired from the assets of the Waldo S. Bader estate and that the same has been held in trust by the defendants, Marie S. Bader and Waldo Bader, for the use and benefit of Hugo Bader, Waldo Bader, Johnny Bader, Edison Bader and Marie S. Bader.

"The court finds, however, that while said property was being held in trust by Waldo Bader that he conveyed all of his right, title and interest * * * to the Oklahoma National Bank, and the Court finds that at the time the said Waldo Bader made said conveyance to the Oklahoma National Bank, that record title to an undivided 5/8ths interest in and to said real property above described, was in the name of Waldo Bader, and the court further finds that the Oklahoma National Bank was at the time of said conveyance an innocent purchaser for value and that the said Oklahoma National Bank is therefore entitled to an undivided 5/8ths interest in and to the real property above described.

"The court further finds that Marie S. Bader is entitled to a 1/8th undivided interest in and to said property, that Hugo Bader, Johnny Bader and Edison Bader are each entitled to a 1/12th undivided interest in and to said real property, above described."

It was decreed by the court that the interests of the respective parties, as found by the court, and as above set forth, be confirmed and quieted and that the whole property be partitioned and sold and that thereon the proceeds be distributed according to said respective interests.

The plaintiff appeals, and attacks the judgment insofar as it holds that the defendant bank was an innocent purchaser for value of an undivided 5/8ths interest in the property, and that the bank is the owner of a 5/8ths undivided interest in the property.

In argument for reversal the plaintiff asserts the defendant bank was not an innocent purchaser for value from Waldo Bader, because it was told by Mrs. Marie S. Bader that all of the Bader boys owned an interest in the property, and because the plaintiff was in possession of the property and because it had notice of the plaintiff's claim and the claim of the other Bader heirs through the affidavit of Marie S. Bader, which was filed of record.

It is noted that according to the record title Marie S. Bader and Waldo Bader became the owners of the property, and Marie S. Bader transferred all her right, title and interest to Waldo Bader, Hugo Bader, Johnny Bader and Edison F. Bader. Accordingly, Waldo Bader became the record owner of an undivided 5/8ths interest in the property, and Hugo Bader, plaintiff herein, and the defendants, Johnny Bader and Edison F. Bader, each became the record owner of an undivided 1/8th interest. Such was the state of the record of the title to the property when Mrs. Bader told the bank, then a prospective purchaser of the property, "to see the other boys and Waldo, that they all had an interest in it." Such was the state of the record of title when the defendant bank, for a valuable consideration, received a deed to an undivided 5/8ths interest from Waldo Bader.

It is readily apparent that the information contained in Mrs. Bader's statement was in full accord with the information imparted in the record of title of the property, and that said statement in no wise suggests any claim or right or interest in the property other than is reflected in said record. Accordingly, we find the statement gave no notice to the defendant bank of any claim of right, title or interest in the property contrary to and undisclosed in the record. We find nothing in the

statement of a nature to challenge a prudent purchaser of the property to an inquiry outside the record of title.

The possession of one tenant in common of real estate is the possession of all, and a person dealing with one of two tenants in common is not charged with notice of an adverse claim by the other tenant in common, who is in possession. Harrison v. Crume, 110 Okla. 87, 236 P. 388, and First National Bank & Trust Co. v. Bohanon's Heirs, 199 Okla. 665, 189 P. 2d 612.

Herein, under the record of title, the plaintiff and Waldo Bader were tenants in common of the property. The possession of the plaintiff was the possession of Waldo Bader. It follows that the possession of the plaintiff was no notice to the defendant bank, a purchaser of the interest of Waldo Bader, of any right, title or interest which the plaintiff claimed in and to the property other than the right, title and interest which his tenancy in common gave him and as accorded with the record title.

The affidavit of Marie S. Bader appears to be no more than a statement that she and Waldo Bader were purchasers of the property that is here involved and that they procured certain loans of money to make said purchase and later to repair the property. These statements do not suggest a claim of title contrary to the record of ownership as it appeared at the time of the defendant bank's transaction with Waldo Bader. We pass over the question whether this affidavit was entitled to go of record, since no issue was made of it.

We find no proof of facts and circumstances sufficient to charge the defendant bank with notice of any claim of the plaintiff, or others, of any right, title or interest in the property adverse to the record ownership of Waldo Bader of a 5/8ths undivided interest at the time the defendant bank acquired its deed from Waldo Bader.

We find the judgment of the trial court in favor of the defendant bank is sustained by the clear weight of the evidence.

The plaintiff contends that he was entitled to a jury trial in that issues were presented involving a recovery of money and of specific real property. Reference is made to the fact that after controversy had arisen between the parties, rentals on the property had accumulated which were received and are being received and held by a receiver appointed by the court. While allocation of the accumulated moneys and rights of possession of the property were an incident of the action, the gravamen of the action was to determine the interests of the parties in the real estate and quiet the title thereto. An action to quiet title is one of equitable cognizance in which the right to trial by jury does not exist.

The judgment is affirmed.

HALLEY, V.C.J., and CÔRN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.