Riley E. RUSH et al., Plaintiffs in Error,

v.

CHAMPLIN REFINING COMPANY, a corporation, et al., Defendants in Error.

No. 38533.

Supreme Court of Oklahoma.

Dec. 13, 1960.

W. D. Greenshields, Ponca City, for plaintiffs in error.

Simons, Mitchell, Headrick & Mitchell, by V. L. Headrick, Enid, for defendants in error V. L. Headrick, Douglas McKeever, Harry McKeever, Mary McKeever Bass, Edna E. Glasser, Joe H. Glasser and W. J. Otjen.

McKeever, Glasser, McKeever & Conrad, Enid, for Della Chaffee Ralston and Champlin Oil & Refining Co.

Crowley & Musser, by Jere G. Crowley, Enid, for Maude Gray Moore and General Royalties Corp.

Edward A. DeClerck, Enid, for W. E. Pralle and Barbara Chaffee Roberts Hare.

Robert C. Saunders, Tulsa, for Frank E. Brittain, Reuben E. Brittain, Sally B. Saunders and Robert C. Saunders.

Nathan Scarritt, Enid, for Champlin Oil & Refining Co.

WILLIAMS, Vice Chief Justice.

This is the second appeal to this court arising from the same numbered and styled case in the trial court. See Rush v. Champlin Refining Co. et al., Okl., 321 P.2d 697.

The controversy herein relates to the meaning and effect of two deeds. These base deeds were executed by A. Plumley in 1925. The pertinent parts of such base deeds were set forth in Rush v. Champlin, etc., supra.

Rush and others, hereinafter referred to as plaintiffs, filed an action to quiet title to the lands covered by the base deeds. Plaintiffs deraigned their interests from Plumley. Defendants deraigned their interests from Plumley's grantees. Defendants filed demurrers which were sustained, and from adverse judgment the plaintiffs appealed. In Rush v. Champlin Refining Company et al., supra, we reversed the trial court and remanded the case for a new trial.

After a trial to the court sitting without a jury, judgment was entered for the defendants. Plaintiffs appeal.

Plaintiffs' position is that the base deeds conveyed an undivided 1/16th interest in the minerals and the mineral rights and, therefore, defendants were entitled to 1/16th of 1/8th of the production under an oil and gas lease.

Defendants contend that the base deeds were conveyances of royalty; that they were entitled to 1/2 of 1/8th of the production under an oil and gas lease.

In Rush v. Champlin etc., supra, we said at page 701:

"In each of the deeds here under consideration, there is a substantial element of uncertainty and ambiguity apparent on the face of the instrument. * * * The deeds here involved, however, contain provisions which are completely contradictory and incompatible with other provisions of the same instrument, and in the case of exhibit 'A' even the 'intent clause' expresses two contradictory and conflicting intentions in the same sentence. Such being the case, the intention of the grantor in these instruments is far from manifest."

In the new trial after remand, plaintiffs' evidence largely consisted of deeds, the two base deeds and others through which they deraigned their titles. They did not offer any extrinsic evidence to explain the ambiguity or the intention of the parties to said conveyances.

Defendants placed in evidence several division orders, properly identified, which provided for distribution of the production involved in accordance with the claimed ownership of fractional interests for which they contend.

An escrow agreement pertaining to sale of subject land to plaintiff Rush was placed in evidence. It supported defendants' interpretation of the base deeds.

The attorney who represented one of the original grantees testified that the base deeds were given in settlement of a law suit. He stated that the grantees were to receive a royalty interest, i. e., 1/2 of 1/8th of the production of oil and gas under a lease.

Plaintiffs first argue that the deeds were not ambiguous. They urge this court to interpret the base deeds within the four corners of each instrument.

As above shown, in Rush v. Champlin, supra, we held the deeds to be ambiguous and that additional evidence was needed to ascertain their true meaning. That determination in that opinion is res judicata of that issue on this appeal. This is so elementary we deem no citation of authority to be required.

We find no merit in the contention that under 12 O.S.1951 § 384, Headrick, one of the defendants, was an incompetent witness to testify as to the events which preceded the making of the two base deeds. Headrick did not take his cause of action "immediately" from Plumley. There was an intervening conveyance. "This Statute is strictly construed and means 'directly or without an intermediary'." First Nat'l Bank & Trust Co. v. Bohanon's Heirs, 199 Okl. 665, 189 P.2d 612, 614.

The plaintiffs assert that the testimony of the defendant Headrick was not admissible because it was hearsay. We do not agree. He testified concerning the negotiations and settlement of the lawsuit which culminated in the making of the two base deeds. As one of the attorneys participating in the negotiations he had personal knowledge of the facts surrounding and resulting in the making of the base deeds.

The acts and conduct of the parties at the time of the execution of deeds and subsequent thereto, before any controversy has arisen over the meaning of certain clauses in such deeds, may be considered in determining what the intention of the parties was.

"When a deed possesses an element of ambiguity or uncertainty, however, and such ambiguity or uncertainty is intrinsic and is shown on the face of the instrument, parol evidence, the admissions of the parties and other extraneous circumstances may be proved to ascertain its true meaning." Rush v. Champlin, supra.

In Rider v. Morgan, 31 Okl. 98, 119 P. 958, 960, this court said:

"It is a well-settled rule that where the meaning of the terms used in a written contract are not clear, the subsequent acts of the parties, showing the construction they have put upon the agreement themselves, are to be looked to by the court."

The trial court properly permitted the introduction of parol evidence in order to ascertain the intention of the parties with reference to the amount of royalty or mineral interest estimated to be conveyed.

We think a strong circumstance in the case at bar is the fact that from 1925, the date of the conveyances, until his death in 1942, grantor made no claim or assertion of a right inconsistent with defendants' interpretation of the deeds.

Plumley signed division orders and accepted payments of royalty off subject lands on the basis of defendants' interpretation of the base deeds. All the parties in the chain of title including plaintiffs themselves accepted such payments on the same basis, the latter over a period of more than two and one-half years.

As such evidence was properly admitted, there is no question but that the trial court reached the proper conclusion based thereon.

The judgment of the trial court was not based on estoppel. Even though the defendants alleged that defense in their answers and cross-petitions and plaintiffs discuss same in their brief, consideration of that question is not essential to our determination of the issues involved in this appeal.

We conclude, therefore, that it was the intention of grantor by each of the base deeds here involved to convey a $\frac{1}{16}$th interest in the total production, i. e., $\frac{1}{2}$ of $\frac{1}{8}$th royalty which is usually retained by the

lessor in an oil and gas lease, and that the trial court committed no error in so finding.

Affirmed.

DAVISON, C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., concurs in result.