## BRILEY et al. v. BRILEY.

No. 12675—Opinion Filed Feb. 5. 1924.

Rehearing Denied March 18, 1924.

**Witnesses—Testimony as to Transactions With Persons Since Deceased.**

Under section 588, Comp. Stat. 1921, no party to a civil action shall be permitted to give testimony in his own behalf, in respect to any communication or transaction such party had with a deceased person, when the

adverse party to the action is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where the party seeking to testify in his own behalf has acquired title to the cause of action immediately from such deceased person.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by A. J. Briley and L. C. Briley against Mary E. Briley. Judgment for the defendant, and plaintiffs bring error. Affirmed.

Albert L. McRill, for plaintiffs in error.

Everest, Vaught & Brewer, for defendant in error.

Opinion by JARMAN, C. A. J. Briley and L. C. Briley brought suit in the district court of Oklahoma county against Mary E. Briley to recover possession of certain real estate and to quiet title thereto. A. J. Briley and L. C. Briley, plaintiffs, are husband and wife, respectively, and Mary E. Briley, defendant, is their daughter-in-law, she having been married to Otto J. Briley, deceased son of the plaintiffs. The petition alleges that the property in question was purchased from one Francis, and that it was agreed by and between the plaintiffs and the defendant and her husband, Otto J. Briley, who was then living, that the plaintiffs would pay one-half of the purchase price and the defendant and her husband would pay one-half of said purchase price; that the plaintiffs paid their one-half of said purchase price, and that it was agreed among said parties that the title to said property should be placed temporarily in the name of the defendant; that after the death of Otto J. Briley, the defendant claimed to be the owner of said property.

The defendant filed an answer and cross-petition, denying the allegations of plaintiffs' petition and alleging that she is the owner of said property, and prayed for judgment quieting title in her to said property.

A second suit was filed in the district court of Oklahoma county by A. J. Briley against Mary E. Briley to recover other real property and to quiet title thereto. The plaintiff alleges in his petition that Otto J. Briley, deceased husband of the defendant and the son of the plaintiff, acted as agent for the plaintiff in purchasing said property, but that instead of placing the title in the plaintiff, the said Otto J. Briley placed the title to said property in the name of the defendant, which was done for convenience, and

that there was no intention of Otto J. Briley or the plaintiff to vest title to said property in the defendant.

The defendant filed an answer and cross-petition, denying the allegations of the plaintiff, and alleging that she is the owner of said property, and prayed for judgment quieting title thereto in her.

For the purpose of trial and appeal, these two actions were consolidated; and were submitted to the trial court, resulting in a judgment for the defendant, and the plaintiffs bring error.

The only assignment of error presented and urged by the plaintiffs in their brief is:

"The court erred in refusing and ruling out competent and legal evidence on the part of the plaintiffs in error."

During the progress of the trial, the plaintiffs were not permitted, on objection by the defendant, to testify, in their behalf, to certain transactions and conversations had personally by the plaintiffs with Otto J. Briley, deceased, in regard to the property in question. The plaintiffs contend that, under section 588, Comp. Stat. 1921, this evidence was admissible, and this involves a construction of said section which is as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

This section prevents a party to a civil action from testifying in his own behalf in respect to any transaction or communication had personally by such party with the deceased person only, under certain conditions, which are: (a) When the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of the deceased person; and (b) where such party has acquired title to the cause of action immediately from such deceased person.

Do the facts in this case meet these conditions? Here the plaintiffs offered to testify in their behalf in respect to transactions or communications they had personally with Otto J. Briley, deceased. The first question is: Does the adverse party to the action come within the class enumerated, to wit, the executor, heir at law, next of kin surviving partner or assignee of Otto J. Briley? It is certain that Mary E. Briley is the adverse party, in said action, to the plaintiffs;

and it is equally certain that she, being the surviving wife of Otto J. Briley, is an heir at law of said deceased; and, therefore, she comes within the class above named.

The next question is: Did the plaintiffs acquire title to the cause of action immediately from Otto J. Briley? The petitions of the plaintiffs show, with reference to the first piece of real property involved in this controversy, that the plaintiffs made and entered into an agreement with Otto J. Briley, the deceased, and his wife, the defendant herein, to purchase said property from one Francis and that the plaintiffs were to pay one-half of the purchase price and Otto J. Briley and the defendant were to pay the other one-half: and that a further agreement was had by the plaintiffs with Otto J. Briley and the defendant that the title to said property should be placed in the name of the defendant, but that it was understood and known by all the parties that she was holding said property merely as a trustee for the plaintiffs. The plaintiffs alleged in their petition, with reference to the second piece of real property involved in this controversy, that Otto J. Briley acted as the agent of the plaintiffs in purchasing said property, and that said agent caused the title to said property to be placed in the name of the defendant herein, instead of the plaintiffs, and alleged that the defendant was holding said property merely as a trustee for the plaintiffs. It is clear, therefore, that whatever cause of action the plaintiffs had with reference to the recovery of said real property, in both instances, that the plaintiffs acquired their cause of action thereto directly and immediately from Otto J. Briley, deceased.

The plaintiffs contend that, since Mary E. Briley, an heir at law of Otto J. Briley, deceased, did not acquire title to the cause of action immediately from said deceased the plaintiffs are permitted to testify to conversations and transactions they had with said deceased. The plaintiffs' construction of section 588, Comp. Stat. 1921, supra, is that a party to a civil action cannot testify in his own behalf in respect to transactions and communications had personally by such party with a deceased person when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person where the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person has acquired title to the cause of action immediately from such deceased person. Plaintiffs, in their brief, illustrate their construction of the qualifying clause of section 588, supra, "where such a party has acquired title to the cause of action immediately from such deceased person," by paraphrasing it in the following manner:

"Where such party (executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person) has acquired title to the cause of action immediately from such deceased person."

This is a strained construction of this section. The term "such party" in this qualifying clause has reference to the party to the action who seeks to testify against the executor, heir at law, administrator, next of kin, surviving partner, or assignee of such deceased person.

The plaintiffs cite and rely upon the opinion written by Mr. Justice Branson in the case of Grosshart v. McNeal, 95 Okla. 102, 218 Pac. 329, as authority for their position: but said opinion is not in conflict with the views herein expressed. Plaintiffs have fallen into the error complained of by Mr. Justice Branson in the case of Grosshart v. McNeal, at page 332, as follows:

"Confusion often results from attempting to place a strange construction upon statutes couched in words the ordinary meaning of which is clear."

The court, in construing section 588, Comp. Stat. 1921, laid down the rule in Grosshart v. McNeal, 218 Pac. at page 332, as follows:

"It will be noted that the statute does not purport to disqualify a person to testify in his own behalf in respect to a transaction or communication had personally by such party with a deceased person. It does so only when the adverse party is the executor, which is not this case the administrator, which is not this case, heir at law, which is not this case (but is the case we have under consideration), next of kin, which is not this case, surviving partner, which is not this case, or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person."

The rule is laid down in different language in the case of American Trust Co. v. Chitty, 36 Okla. 479, 129 Pac. 51, as follows:

"It is error for a court to permit a witness to testify relative to a conversation had personally with a deceased person, where witness acquired title or cause of action immediately from such deceased person."

The court did not err in excluding the testimony complained of and, therefore, the judgment of the trial court is affirmed.

By the Court: It is so ordered.