**OKLAHOMA NAT. BANK of CUSHING et al. v. KELLER, Adm'r.**

No. 16493—Opinion Filed Dec. 7, 1926.

Rehearing Denied May 10, 1927.

1. **Executors and Administrators—Statutory Double Liability of Person Disposing of Property of Estate Before Grant of Letters.**

Where a person or corporation, before the granting of letters executory or of administration, sells or alienates any of the property of a decedent, he or it is liable in an action by the executor or administrator of the estate of such deceased for double the value of such property.

2. **Appeal and Error—Review—Questions of Fact—Partnership Property.**

The issue as to whether or not the property in controversy is partnership property is one of fact for the jury, and where such question is submitted to the jury under proper instruction, the verdict thereon will

not be disturbed in this court, if it is supported by any competent evidence.

### 3. Witnesses—Incompetency to Testify to Transactions with Decedent Where Administrator is Party to Suit.

Where one of the parties to an action is the administrator of the estate of a deceased person. the adverse party may not testify in his own behalf as to any transaction or communication had personally with such deceased person, and where there are two adverse parties affected by the same transaction or communication, both are disqualified under the provisions of section 588, Comp. Stat. 1921.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by Chas. T. Keller, as administrator of the estate of J. B. Thompson, deceased, against the Oklahoma National Bank of Cushing, Okla., Harry M. Foster, and H. L. Griffith. From a judgment in favor of the plaintiff, the defendants have appealed. Affirmed.

Higgins & Berton and Wilcox & Swank, for plaintiff in error.

Blakeney & Ambrister. for defendant in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiffs and defendants as they appeared in the trial court, inverse to the order in which they here appear.

On the 4th day of April, 1923, the plaintiff, as administrator of the estate of J. B. Thompson. deceased, commenced this action in the district court of Payne county against the defendants Oklahoma National Bank of Cushing, a corporation. Harry M. Foster, and H. L. Griffith, to recover damages under the provisions of section 1220, C. O. S. 1921.

The plaintiff alleged in his petition that he was the duly appointed administrator of the estate of J. B. Thompson, deceased; that said J. B. Thompson died on or about November 29, 1922; that after the death of the said J. B. Thompson, and before the appointment of the administrator of his estate, the defendants took into their possession certain property belonging to said estate, consisting of a number of automobiles, and sold and alienated the same, and prayed damages in double the value of the property so sold and alienated.

The defendants answered separately, admitting that they took possession of the property described in the plaintiff's petition, and that they sold and conveyed the same

prior to the appointment of an administrator of the estate of J. B. Thompson, deceased, but alleged, in effect. that said property did not belong to said estate but was in fact the property of a copartnership, consisting of J. B. Thompson and Dan R. Thompson; that the defendant bank held notes secured by mortgages on said property, and that while said notes and mortgages were executed by said J. B. Thompson individually, they were in fact the obligation of said partnership; that after the death of said J. B. Thompson, by an arrangement with the said Dan R. Thompson, said property was turned over to the defendant bank to be sold under the terms of said mortgages, and the proceeds thereof applied on said indebtedness. It is further alleged that the defendant Harry M. Foster was, at all of the times mentioned in the petition, the acting president of the defendant bank; that he took said property into his possession and sold and conveyed the same solely as agent for said bank, and that the proceeds of said sale had been credited upon said indebtedness. The plaintiff, by verified reply, put in issue all of the affirmative allegations contained in these separate answers.

On the trial, it being admitted that the defendants sold and conveyed the property described in the petition after the death of said J. B. Thompson and prior to the appointment of an administrator of his estate, the only question of fact for the determination of the jury was the question as to whether or not the property was partnership property. Section 1220, C. O. S. 1921. The evidence on this branch of the case was sharply conflicting. The jury returned a verdict for the plaintiff. and judgment was entered accordingly. The defendants have appealed to this court, and while there are a number of assignments of error, the only questions presented and argued here are: (1) That the verdict is contrary to the evidence; and (2) that the court committed reversible error in excluding certain evidence on the part of the defendant bank.

There was ample evidence to support the verdict. The notes and mortgages, under which this property was taken by the defendants, were executed by the deceased individually. The deceased carried a deposit in the defendant bank in his individual name, and while the witness Dan R. Thompson admitted that he executed a bill of sale on this property to the defendant bank, as surviving partner, he testified that he did so under the advice and direction of the defendant Harry M. Foster, president of said defendant bank; that he never had any

interest in said property, and that his only connection with the business was that he worked for his father for wages. The question as to the ownership of this property having been fairly submitted to the jury under proper instructions, and there being competent evidence to support the finding of the jury, the verdict will not be disturbed here.

On the trial, at the close of the cross-examination of the defendant Harry M. Foster, the defendants made the following offer of proof:

"By Mr. Berton: Comes now the defendant, the Oklahoma National Bank, and offers Harry Foster as a witness in behalf of the Oklahoma National Bank, defendant herein, that the said witness, Harry M. Foster, would testify, if permitted, that he has had various conversations with the deceased, J. B. Thompson, and that J. B. Thompson stated to him that Dan R. Thompson was a partner, and also that he had full authority to draw checks and conduct the business as one of the partners. And that said conversations were had in connection with the business of the Cushing Auto Salvage, carried under the firm name of J. B. Thompson & Son and said conversation took place in connection with the financial affairs between the said firm and the said Oklahoma National Bank."

An objection to this offer was sustained on the ground that the witness was incompetent, and it is contended that this was reversible error.

It is conceded that the defendant Harry M. Foster was disqualified from testifying to this conversation in his own behalf, but it is contended that he was qualified to give this testimony in behalf of the defendant bank.

The property was taken into possession of and sold by the defendant Harry M. Foster as an officer and agent of the defendant bank. The defendant Harry M. Foster was liable, and if recovery was not had against Harry M. Foster none could be had against the bank. The bank's liability was upon the principle of respondeat superior. Callahan v. Graves, 37 Okla. 593, 132 Pac. 474. Section 588, C. O. S. 1921, provides that:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person."

No case is pointed out in the brief where the question here presented is discussed. In Willis Wills, Jr., et al. v. Wood et al., 28 Kan. 400, Judge Brewer, in discussing a similar situation arising under a statute identical with ours, says:

"That statute plainly contemplates preventing one party from introducing in evidence conversations had with the ancestor of the adverse party, and this because the lips of such ancestor, closed by death, cannot be heard to give his version of the conversation; and where there are two persons on the same side, having like interests, they should, for the purpose of giving force to the statute, be considered as one, and neither be permitted to give her version of the conversations and statements of the deceased to the other in her presence."

"It is safe to assume in practically all jurisdictions that one who appears on the record as a plaintiff against a defendant representing the estate of a decedent or mental incompetent, or as a defendant where such representative is plaintiff in his representative capacity and who is a proper and necessary party to the cause, is a 'party' and an 'adverse party' within the meaning of the disqualifying proviso." Jones' Commentary on Evidence (2nd Ed.) sec. 2232, page 4274. Robertson v. Wangler et al. (Kan.) 190 Pac. 788.

The defendant Harry M. Foster was a necessary and proper party defendant and was disqualified as a witness under the terms and spirit of section 588, supra.

Finding no reversible error in the record, the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 23 C. J. p. 1194, §437. (2) 4 C. J. p. 854, §2834; 23 C. J. p. 1194, §437. (3) 40 Cyc. p. 2303.