**DOYLE, Adm'r, v. DOYLE et al.**

No. 28646.  April 4, 1939.

Spiers & Bodovitz and Pryor & Wallace, for plaintiff in error.

W. A. Billingsley, C. L. Hill, and E. W. Whitney, for defendants in error.

RILEY, J. This is an appeal, by plaintiff, from an adverse judgment in an action on a promissory note, and for foreclosure of a mortgage given by one of the makers to secure the same.

Plaintiff, Bill Doyle, is the administrator of the estate of Sidney A. Doyle, deceased.

The note sued upon is dated February 4, 1930, and is payable to the order of S. A. Doyle, the same person as Sidney A. Doyle. The note is due 90 days after date and signed by E. W. Whitney, J. A. Doyle, and

W. N. Stokes. Payments were endorsed thereon aggregating the sum of $1,050. The last credit is of the date of January 24, 1934.

Plaintiff alleges the execution of the note in the usual form, and then pleads:

"Plaintiff further alleges and states that certain payments have been made on said note, as disclosed by the endorsements thereon; and that said defendant, J. A. Doyle, and the plaintiff herein agreed and settled the balance due on said note as being the sum of two thousand, five hundred ($2,500) dollars. That said settlement was made on or about June 13, 1936, and became due and liquidated as to amount, and was settled and agreed upon as being the amount due, taking into consideration all of the transactions and credits heretofore had between said J. A. Doyle and the payee of said note. That there is due on said note to this plaintiff the sum of two thousand, five hundred ($2,500) dollars, together with interest thereon at the rate of eight per cent. (8%) per annum from June 13, 1936, until paid. That said note provided for an attorneys' fee of ten per cent. (10%) additional; and that, by reason thereof ten per cent. (10%) of the total amount due is to be included as an attorney's fee.

"Plaintiff further alleges and states that due demand has been made for the payment of said note; that same is past due and payable; and that said defendants, and each of them have failed and refused and still fail and refuse to pay same, or any part thereof."

The second cause of action alleges in substance that on November 25, 1930, J. A. Doyle and Mattie Doyle, husband and wife, for the purpose of securing said note, executed and delivered a mortgage covering lots 10 to 15, inclusive, in block 64, of the original townsite of Wewoka. A copy of the mortgage is attached to the petition, and foreclosure thereof is requested.

Defendant E. W. Whitney answered by general denial, admitting the execution of the note and alleging; "But states that said note has been paid in full and this defendant has been discharged."

Defendant J. A. Doyle answered, admitting the execution of the note and mortgage, and further alleging:

"Answering further, this defendant states that on or about the ____ day of ____, 1935, that S. A. Doyle, deceased, and this defendant had an accounting and settlement; that the business of which they had an accounting on said day between this defendant and said deceased had extended over a period of several years; that the defendant owed the deceased, and the deceased owed the defendant; that the deceased and this defendant were brothers. The deceased was several years older than the defendant; and the deceased and this defendant had many business ventures; and had always worked and co-operated with each other for each other's benefit; and never had any trouble in any manner, or any dispute; that on the day last above mentioned said deceased and this defendant went over all their business dealings since the last settlement which was perhaps 10 years prior thereto; and the deceased then agreed with the defendant, after balancing the accounts, that there was no difference between them; and the accounts were settled at that time; and the note described in plaintiff's petition, which the mortgage secures, alleged in plaintiff's petition, was discussed and taken into consideration in said agreement; and this defendant then and there was discharged from any further liability because of said note and mortgage.

"Payment of said note was made by balancing and canceling the indebtedness from this defendant to the plaintiff and the indebtedness from the plaintiff to this defendant, in Wewoka, Okla., on or about the ____ day of ____, 1935, the exact date being to this defendant at this time unknown."

Defendant Mattie J. Doyle answered, denying under oath the execution of the mortgage by her, and further alleging that the premises covered by the mortgage was the homestead of Mattie J. Doyle and J. A. Doyle.

Plaintiff moved for judgment on the pleadings against defendant J. A. Doyle. The motion was denied, and after reply to the several answers, the cause was tried to a jury, resulting in a verdict for defendants. Plaintiff filed a motion for judgment in his favor notwithstanding the verdict, and also filed motion for a new trial. These motions being overruled, judgment was entered for defendants and plaintiff appeals.

The first proposition presented is that the court erred in not sustaining the motion for judgment on the pleadings as against the defendant J. A. Doyle. Plaintiff contends that his action as to the defendant J. A. Doyle is an action on an account stated, and that defendant J. A. Doyle has not denied in his answer the account stated, and that by reason thereof plaintiff is entitled to the judgment against him on the pleadings.

The contention is not well taken. The general rule is that, in order to recover on an account stated, the plaintiff must declare thereon as such. 1 C. J. 726.

In Foste v. Standard Life & Accident Insurance Co. (Ore.) 38 P. 617, it is said:

"The material allegations in an action on an account stated are: (1) That plaintiff and defendant came to an accounting together; (2) on such accounting defendant was found indebted to the plaintiff in a specified sum; (3) which defendant promised to pay; (4) and has not paid."

In plaintiff's petition there is no allegation of defendant's promise to pay and no separate judgment is asked on the account stated as such. Plaintiff's petition, taken as a whole, states a cause of action on the original note. Judgment is sought thereon as against all the makers.

It is next contended that the court erred in permitting the makers of the note to testify regarding alleged conversations the makers had with the payee, then deceased.

In this contention there is merit. Defendant J. A. Doyle was permitted to testify to numerous conversations with deceased. The alleged conversation concerned matters material to his defense.

Defendant E. W. Whitney was a witness, and testified, over proper objections, substantially as follows: That he was a defendant, signed the note; that he had conversation with S. A. Doyle in his lifetime in the presence of Blanche Doyle, another defendant; that Mr. Doyle, deceased, said Blanche Doyle, defendant, did not owe him anything. (The Blanche Doyle referred to is the defendant J. A. Doyle.)

Section 271, O. S. 1931, title 12, sec. 384, Okla. Stat. Ann., in part, provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person when the adverse party is the executor, administrator * * * of such deceased person. * * *"

In Oklahoma National Bank v. Keller, Adm'r, 124 Okla. 280, 256 P. 34, it is held:

"Where one of the parties to an action is the administrator of the estate of a deceased person, the adverse party may not testify in his own behalf as to any transaction or communication had personally with such deceased person, and where there are two adverse parties affected by the same transaction or communication, both are disqualified under the provisions of section 588, Comp. Stat. 1921."

In Barrows v. Alford, 129 Okla 265, 264 P. 628, it is said:

"The force of the statute cannot be avoided or circumvented by a showing that the alleged statements were made by the person, since deceased, to another, though in the presence and hearing of the surviving interested party. Such party plaintiff cannot testify about such communication or transaction."

Under the statute in the cases cited, it is error to permit the two witnesses to testify concerning the transactions and conversations had directly with the deceased. The defendants should be permitted to show, if they can, by competent evidence and by competent witnesses, that the note in question had been paid, but they may not do so in direct violation of the statute.

In this connection, it may be noted that plaintiff admits credits on the note amounting to some $3,000, not endorsed, and as to such credits they may not be required to submit proof. But credits not admitted must be established by evidence competent under the law.

The judgment is reversed and the cause is remanded, with directions to grant a new trial.

BAYLESS, C. J., and OSBORN, GIBSON, and HURST, JJ., concur.