## WARD v. WARD.

No. 29894.   Nov. 18, 1941.

*119 P. 2d 64.*

J. Woody Dixon and Rittenhouse, Webster, Hanson & Rittenhouse, all of Oklahoma City, for plaintiff in error.

Will Steel, of Texarkana, Ark., Crawford W. Cameron, of Marietta, and Potterf, Gray & Poindexter, of Ardmore, for defendant in error.

RILEY, J.   This action was commenced in the district court of Love county by J. G. Ward, hereinafter referred to as plaintiff, against Blanche Ward, Paul Burgess, and the First National Bank of Marietta.

610

Plaintiff in substance alleged that defendant Blanche Ward is the widow of B. E. Ward, deceased; that B. E. Ward was plaintiff's brother; that plaintiff and B. E. Ward, by oral agreement, formed a partnership in the State of Arkansas about the year 1922, for the purpose of carrying on a wholesale meat business, and that from time to time the business was expanded to include wholesale and retail meat business and dealing in the business of buying and selling cattle, the purchase of farm land, the operation of farm lands and ranches and carrying on a general trading business in cattle, farm products, and equipment; that both parties devoted their entire time to the business and shared equally in the profits and losses, each drawing out necessary living expenses, and permitting all other earnings to be carried in the partnership business for the purpose of buying additional cattle, lands, and equipment to increase the holdings of the partnership; that in 1929 the partnership purchased 990.7 acres of land in Love county, Okla. (describing same), which land was paid for with funds belonging to the partnership; that cattle for stocking said land were purchased and paid for out of partnership funds; that title to said land, without the knowledge of plaintiff, was taken in the name of B. E. Ward and Blanche Ward, his wife; that in 1935, 160 acres of land in said county (describing it) was bought and paid for, without plaintiff's knowledge, in the same way; that in 1938, the partnership purchased 802½ acres of land in said county (describing it) which was paid for out of partnership funds, and, without the knowledge of plaintiff, title taken in the name of B. E. Ward; that in January, 1937, said partnership bought and paid for 40 acres of land in said county which was paid for out of partnership funds, title being taken in the name of B. E. Ward and J. G. Ward; that in December, 1937, five acres of land in said county (describing it) was purchased and paid for in the same way and title taken in the name of B. E. Ward and J. G. Ward. (There is no controversy as to the ownership of the 45 acres in the two tracts last above mentioned.) That from time to time large numbers of cattle had been purchased and paid for out of partnership funds; that other personal property such as horses, mules, hogs, etc., had been acquired by said partnership, and at the time of the death of B. E. Ward there were 527 head of cattle, 5 horses, 2 mules, 17 hogs, 8,000 bushels of oats, 10,000 bales of hay, and various farm instruments on said farm or ranch belonging to said partnership. That B. E. Ward died intestate on July 23, 1933, and that defendant Blanche Ward had applied for letters of administration on the estate of B. E. Ward, deceased, and was claiming all of said profits.

Plaintiff alleged that he did not know that the title of any of the land so purchased had been taken in the name of B. E. Ward or B. E. Ward and Blanche Ward, and did not discover that fact until after the death of B. E. Ward. He further alleged that there was on deposit in the defendant bank in the name of B. E. Ward the sum of $9,000, which he alleged in fact belonged to the partnership. As to defendant Paul Burgess, plaintiff alleged that said defendant was the overseer and manager of said farm or ranch and had actual possession of the real and personal property in controversy. Plaintiff asserted that all of said property, both real and personal, including the $9,000 on deposit in said bank, was partnership property, and that under law of Oklahoma, plaintiff, as the sole surviving partner, is vested with the legal and equitable title and was entitled to the possession thereof for the purpose of liquidating said partnership. He prayed judgment decreeing that all of said property, real and personal, is the property of said partnership operating under the name of Ward Brothers, consisting of plaintiff J. G. Ward and B. E. Ward, deceased, and for possession of same for the purpose of liquidating said partnership affair.

After her demurrer to petition was overruled, defendant Blanche Ward answered by general denial, except as to specific admissions set out. She admitted that the 45 acres of land standing in the name of B. E. Ward and J. G. Ward

was the property of said B. E. and J. G. Ward, but alleged that all other lands mentioned in said petition were the absolute property of B. E. Ward and Blanche Ward as shown in the title deeds; that all of said property other than said 45 acres was bought by said B. E. Ward and defendant Blanche Ward, and paid for with their own money, and that at the time of the various purchases, the instruments of conveyance were placed in the name of B. E. Ward or B. E. Ward and Blanche Ward, with the full knowledge of plaintiff. By cross-petition she claimed that plaintiff was indebted to said B. E. Ward, at the time of his death, in the sum of $1,827.50, for which sum, as administratrix of the estate of B. E. Ward, she prayed judgment.

Plaintiff replied by general denial.

The case was tried to a jury. The court, by its instructions, limited the issue to the single question of whether or not the properties purchased in Love county and taken in the name of B. E. Ward and Blanche Ward belonged to the partnership of Ward Brothers, composed of B. E. Ward, now deceased, and J. G. Ward.

The verdict was that the properties in controversy are properties belonging to the partnership firm of Ward Brothers.

Defendant Blanche Ward, individually and as administrator of the estate of B. E. Ward, filed a motion for new trial. The motion was overruled and the court entered judgment,

". . . that the said plaintiff do have judgment against the defendant, based upon the verdict of the jury, together with costs of this case for which let execution issue."

From this judgment defendant Blanche Ward appeals. Since the appeal was filed, plaintiff J. G. Ward died, and the cause was revived in the name of Frances Ward, administratrix of the estate of J. G. Ward, deceased.

It is at once apparent that the judgment must be set aside, or at least modified, because, among other things, it does not dispose of at least one of the matters in issue, viz., the possession or right of possession of the property in controversy.

One of the grounds of the motion for a new trial is that the verdict is ambiguous on its face and not responsive to the court's instructions. As pointed out, the court, in one part of the instructions, limited the jury to one question of fact, that is, whether or not the properties in Love county, title to which was taken in the name of B. E. Ward or B. E. Ward and Blanche Ward, belonged to the partnership of Ward Brothers. Later in the instructions, the court expanded the question so as to include the personal property in controversy. No mention whatever was made of the money on deposit in the First National Bank of Marietta. The verdict, however, is apparently broad enough to cover those funds as well as the lands and other personal property.

This being a case of equitable cognizance, the verdict of the jury was not binding on the court, but advisory only. The trial court could, and should have weighed all the evidence, together with such advice and influence as the court deemed proper to be given the verdict. The court should have entered such judgment as was proper under all the facts and circumstances. This court on appeal might do so, except for refusal of the trial court to permit defendant Blanche Ward to testify as a witness. One of the defenses, if not the principal defense, of defendant Blanche Ward was that all the lands, livestock, implements, and other personal property mentioned in plaintiff's petition, other than the 45 acres which rested in the name of B. E. Ward and J. G. Ward, is the property of B. E. Ward and Blanche Ward, its having been bought and paid for with their own money.

After plaintiff had presented his case in chief, and after much evidence had been taken for defendant, Blanche Ward was called as a witness, whereupon the following record was made:

"By Mr. Dixon (of counsel for defendant): Q. State your name to the court and jury. A. Mrs. Blanche Ward, or Mrs. B. E. Ward. By Mr. Steel (of

counsel for plaintiff): Comes now the plaintiff and objects to this witness testifying for the reason she is an incompetent witness in view of the fact that she is administratrix of the estate and the widow of B. E. Ward, deceased, and an heir of the estate of said B. E. Ward, deceased, and under the statute she is disqualified as a witness to testify in a case where there was or is a partnership existing between her said husband, now deceased, and the plaintiff herein. By the Court: I will sustain the objection. By Mr. Dixon (of counsel for defendant): Exception."

Thereupon the court extended remarks explaining why the witness was incompetent.

Counsel for defendant tendered the following testimony of the witness:

". . . If permitted to testify, Mrs. Blanche Ward would testify that on numerous occasions, from time to time, that she has put her own money into this property, and that she helped, and did pay for the property and as a matter of fact, the property resting in her name of record is and belongs to her, and that she would so testify and prove if permitted."

The court ruled:

"The offer and tender of proof is rejected for the reason Mrs. Blanche Ward is an incompetent witness in this case, and her testimony has been objected to by the plaintiff."

Defendant relies upon this alleged error of the trial court for reversal. It is asserted that Blanche Ward was not incompetent to testify as a witness in her own behalf to any material fact not relating to any transaction or communication had personally by her with B. E. Ward, deceased, in his lifetime. The rule sought is correct. Section 268, O. S. 1931, 12 Okla. Stat. Ann. § 381, provides:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise. . . ."

Under that section standing alone, defendant was a competent witness to testify generally, and was not disqualified because she was an heir or administratrix of the estate. The other reason assigned by the trial court for his ruling was, "the statute prevents a widow from testifying concerning any transaction with her husband, or conversation with her deceased husband."

We assume that the court referred to section 271, O. S. 1931, 12 Okla. Stat. Ann. § 384. The application was too broad.

In Scott v. Bennett, 138 Okla. 272, 281 P. 251, we held that the provision of that section applies only where the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of the deceased person. Here the opposite party claimed to be, and possibly was, a surviving partner of deceased. But it may be noted that it must further appear that, even though the adverse party may be in one or more of the relations to the deceased person mentioned in the statute, the party called upon to testify must also have acquired title to the cause of action immediately from the deceased person, before the statute disqualifies the witness. If the party did not acquire title to the cause of action directly from the deceased person, he is not disqualified under the statute. Webb v. Burnam, 111 Okla. 248, 239 P. 653.

Essential facts in issue may be testified to by a party to the suit, though adverse party be within the relation to deceased mentioned in the statute, where such facts do not relate to transactions had personally by the witness with deceased. Clary v. Smith, 20 Kan. 83.

Defendant Blanche Ward was a competent witness to testify concerning any material facts which did not involve transactions or communications had by her personally with her deceased husband in his lifetime. She was also competent to testify with respect to any money she may have advanced or paid in as a part of the consideration for the land where the deed itself showed she was one of the grantees.

Under the rule stated in Briley v. Briley, 98 Okla. 101, 224 P. 952, Mrs. Ward was not competent to testify concerning any property purchased pursuant to an alleged agreement between herself and her husband, under which agreement each would pay part of the purchase price and title would be taken in the name of the husband for convenience, since she would then be basing her claim of title to her alleged cause of action directly from the deceased person.

But we are not at liberty to speculate upon what her testimony may be. The offer and tender of the witness went only to the land standing in the name of B. E. Ward and Blanche Ward. It was error for the court to reject her evidence as to putting her own money, if any, in the purchase price of such land. In such case she would not have acquired title to her alleged cause of action directly from her deceased husband, but from the grantor.

Concerning the personal property, she may or may not be a competent witness depending upon what may be shown by preliminary examination touching her competency in the particular matter.

It is suggested that because the court indicated a willingness to hear her testimony after the verdict of the jury was returned, and her refusal to consent thereto, she waived her right to be heard. But, under the record, the court apparently considered the verdict binding and rendered judgment in accord therewith. We are not inclined to hold her foreclosed, since the judgment must otherwise be modified.

The judgment when finally entered should provide fully for possession of the property according to the ultimate facts.

Reversed and remanded for a new trial.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.