MIKE et al. v. GIDNEY et al.

No. 31096.   May 29, 1945.

*159 P. 2d 240.*

Vilas V. Vernor, of Muskogee, for plaintiffs in error.

Thomas J. Wiley, of Muskogee, for defendants in error.

DAVISON, J. This cause is presented on appeal from the district court of Wagoner county, Okla., wherein the plaintiffs in error, Lizzie Mike and A. H. Mike, her husband, appeared as plaintiffs against Susie T. Gidney, personally, Susie T. Gidney, as executrix of the estate of Samuel E. Gidney, deceased, and the county treasurer of Wagoner county, and wherein plaintiffs sought to prevent the county treasurer from executing a tax deed to Susie T.

Gidney covering the lands involved herein and described as follows:

"East Half of Northwest Quarter of Northwest Quarter of Section Nine (9), and the North 40.39 acres of Lot Four (4) in Section Three (3), all in Township 16 North, Range 18 East, Wagoner County, Oklahoma."

The cause was tried to the court without the intervention of a jury and the facts were partially covered by stipulation. Most of the balance of the testimony was based on communications and transactions had between the plaintiffs and S. E. Gidney (S. E. Gidney and Samuel E. Gidney are one and the same person) relative to the general management of the farm. The record discloses that at the time of the filing of this action the record owners of the lands involved herein were Lizzie Mike and E. G. Garrison, each of whom owned an undivided one-half interest therein. Lizzie Mike had owned her interest therein since December 4, 1926, and had been in actual possession of said premises since that time. E. G. Garrison obtained title to her interest in the land by sheriff's deed executed February 10, 1928, she having been the record purchaser at a mortgage foreclosure sale which had been instituted by Leona Gidney.

The tax sale certificates involved herein were issued by reason of a sale for the 1923 ad valorem taxes. Subsequently the 1924 and 1925 taxes were paid by the holder of the certificates and the amount thereof indorsed on the certificates for 1923. The total amount of delinquent taxes against the property as shown by said certificates was then $250.85.

In 1926 the certificates were assigned by the then owner to Susie T. Gidney and the holder of said certificates has paid no other taxes on said lands. The record discloses that the taxes for the years 1926 and all subsequent years down to 1941 were paid by Lizzie Mike and S. E. Gidney. The record further discloses that Susie T. Gidney was the wife of Samuel E. Gidney and that E. G. Garrison was the daughter of the said Samuel E. Gidney. Samuel E. Gidney died in 1941.

The pleadings show that Susie T. Gidney commenced proceedings in November of 1941 to obtain a tax deed based on the tax certificates heretofore described. Plaintiffs' suit was to prevent the deed from being issued, and as a predicate for such action plaintiffs plead facts to the effect that since the year 1928 until the time of his death, S. E. Gidney had acted as agent for his daughter, E. G. Garrison, and his wife, Susie T. Gidney, in all matters pertaining to the lands in question; that plaintiffs were in possession of the lands at all times since their original ownership thereof, and that they had at all times throughout the years accounted to S. E. Gidney for the rents agreed to be paid E. G. Garrison. Plaintiffs also plead payment of the tax certificates to S. E. Gidney and also plead estoppel and laches by reason of the defendant Susie T. Gidney's failure to apply for a tax deed for a period of approximately 15 years and the resulting detriment caused plaintiffs thereby.

At the trial plaintiffs offered evidence of transactions and communications had with S. E. Gidney pertaining to the rental and management of the premises. Plaintiffs also offered in evidence a letter from S. E. Gidney to the plaintiff, Mrs. Mike, dated April 2, 1929, which contained a statement of debits and credits relative to the rents, taxes and expenditures. This letter set forth the amount of back taxes on the property, including the amounts due under the tax certificates involved herein. Plaintiff, Lizzie Mike, also offered to prove by the introduction of receipts that she had paid S. E. Gidney all sums as shown in said letter, including the payment covering the tax certificates. The offer of the above testimony was objected to by defendants on the theory that the witnesses Lizzie Mike and A. H. Mike were incompetent to testify in their own behalf to such communications and transactions had with S. E. Gidney, deceased, by reason of 12 O.S. 1941 § 384. The objections were sustained on such

theory over the exceptions of plaintiffs. The record discloses the facts expected to be proven by these witnesses had they been permitted to testify on such subjects.

At the conclusion of plaintiffs' evidence the court sustained a demurrer thereto, and plaintiffs, as plaintiffs in error, have appealed from said ruling and will be hereinafter referred to as plaintiffs.

Plaintiffs rely on three propositions for a reversal of the cause:

1. Was the court justified in excluding the testimony of the plaintiffs pertaining to communications and transactions had with S. E. Gidney?

2. Was the court justified in sustaining the demurrer to the evidence of the plaintiff?

3. Was the plea of the plaintiff found in the reply setting up the statute of limitation, and also the plea of "laches" sufficient unto itself to bar the defendant Susie T. Gidney from receiving a tax deed to the 60 acres of land involved?

The principal question involved in the case is whether the trial court erred in rejecting the letter and receipts hereinbefore referred to, and other evidence pertaining to transactions and communications had with S. E. Gidney. If the court was correct in this ruling, it was correct in sustaining the demurrers, for without this vital evidence the plaintiffs did not make out a case. We will therefore discuss this feature of the case first.

The pertinent part of 12 O.S. 1941 § 384 reads as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person."

From a careful reading of the above statute it will be noted that it must further appear that, even though the adverse party may be in one or more of the relations to the deceased person mentioned in the statute, the party called upon to testify must also have acquired title to the cause of action immediately from the deceased person, before the statute disqualifies the witness. If the party did not acquire title to the cause of action directly from the deceased person, he is not disqualified as a witness under the statute. York v. Long, 186 Okla. 643, 99 P. 2d 1041; Ward v. Ward, 189 Okla. 609, 119 P. 2d 64. We are also committed to the rule that the above section must be strictly construed, and a party is disqualified from testifying in his own behalf as to transactions had personally with the deceased only when the conditions expressly mentioned in the statute exist. Grosshart v. McNeal, 95 Okla. 102, 218 P. 329; Johnson v. Kimmell, 172 Okla. 315, 44 P. 2d 978; York v. Long, supra; Ward v. Ward, supra.

One of the conditions mentioned in the statute is that the party to the action offered as a witness "has acquired title to the cause of action immediately from such deceased person."

The vital question, then, is: Did plaintiffs acquire title to the cause of action immediately from S. E. Gidney? We think not. The plaintiff, Lizzie Mike, had acquired title to her interest in the land by purchase from one George Jackson in the year 1926. Taxes for the years 1828 to 1941 had been paid by Lizzie Mike and S. E. Gidney. Under no stretch of the imagination could it be said that Lizzie Mike ever acquired title to the cause of action from S. E. Gidney. She and her husband, who was made a party to the suit for homestead reasons only, were therefore not disqualified as witnesses to testify relative to transactions and communications with S. E. Gidney, and the trial court was therefore in error in excluding the pertinent testimony hereinbefore referred to. Had the erroneously rejected evidence been admitted, the court would

have had several questions to decide, to wit: (1) Was S. E. Gidney the agent for Susie T. Gidney in the collection of the taxes due under said tax certificates? (2) Did Lizzie Mike pay the outstanding tax certificates involved herein to Susie T. Gidney through her agent S. E. Gidney? And, (3) if the questions above were decided adversely to plaintiffs' contention, the court would then have to determine the issue of laches due to the long delay by Susie T. Gidney in applying for a tax deed and the possible ensuing detriment caused plaintiffs thereby.

The cause is reversed and remanded for a new trial, with directions to the trial court to proceed in accordance with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS,· and WELCH, JJ., concur. OSBORN, J., concurs in conclusion.