WRIGHT et al. v. QUINN.

No. 33357.    June 28, 1949.

*207 P. 2d 912.*

LaMar & Bailey, of Guymon, for plaintiffs in error.

Vincent Dale and Alice C. Stamper, both of Guymon, for defendant in error.

GIBSON, J.    This is an action to quiet title to real estate and to recover possession of deed, relied on as source of title, joined with an action in ejectment.

The land involved is lots one (1) and two (2) in block twenty-three (23), Funk addition to the town, now city, of Guymon, Okla. Plaintiff, James Quinn, claims title thereto under unrecorded deed signed and acknowledged December 8, 1930, by one Mary Jane Quinn, then owner, who continued to hold possession thereof until her death in October, 1945.

Plaintiff's action was instituted August 13, 1946, and made parties defendant thereto are T. F. Wright, administrator of the estate of the deceased; Mike Quinn and others, heirs at law of the deceased; and First National Bank of Guymon, Okla., which held possession of said deed. The answers are general denials.

Alice C. Stamper, of counsel for plaintiff, who was permitted to testify on plaintiff's behalf, over defendants' objection, testified that Mary Jane Quinn and plaintiff came to her office on the date of the execution of said deed; that witness prepared the deed at the request of the former and, after it was signed, took her acknowledgment thereto and handed same to her. Witness further testified she advised the grantor that, in order for the deed to be effective as a conveyance, it would have to be delivered to the grantee and that thereupon the grantor handed the deed to the grantee who had possession thereof when the two departed from the office. Witness admitted that she represented the plaintiff on a contingent fee basis.

Plaintiff testified that on leaving the office where the deed was drawn he took it to the defendant bank, delivered it to defendant T. F. Wright, the cashier thereof, for safekeeping. That previous to institution of the action he demanded of the bank possession of the deed, which was refused.

Defendant Wright testified that following plaintiff's demand for the deed he made search for it. That it was found in the personal file of the grantor; that he had no recollection of a delivery of the deed to him by the plaintiff and had no knowledge of how the deed reached the file of the grantor.

It appears from the evidence and it is not questioned that the grantor, during the period between the execution of the deed and her death, received the rents arising from the premises, paid the taxes thereon and exercised the ordinary acts of ownership other than burdening or disposing of the title. With reference to the continuity of grantor's possession of the property plaintiff testified on cross-examination that such was in accordance with the agreement between them at the time the deed was executed.

The trial court found the issues for plaintiff and rendered judgment accordingly The administrator and the heirs appeal.

As grounds for reversal it is urged, in substance: (1) The court erred in permitting Alice C. Stamper to testify to the fact of the delivery of the deed; (2) that independently of the testimony of such witness there is no affirmative evidence of the fact of delivery; the factual circumstances negative the fact of any delivery; and by reason thereof the deed was, at most, testamentary in character and ineffectual in law to pass title; and (3) that, even if admissible, the testimony of witness Stamper was inherently weak and outweighed by the factual circumstances. The issues on appeal are resolved into the following questions: (1) Was the testimony of Alice C. Stamper admissible, and if so, (2) Was it to be believed in light of the other facts?

The grounds of objection to the competency of witness Stamper are: (a) that by reason of the existing relationship of attorney and client the communication was privileged under authority of Tit. 12 O. S. 1941 §385, and (b) that by reason of her interest in the outcome of the litigation the witness was in legal effect a party to the action and therefore incompetent as a witness by reason of Tit. 12 O. S. 1941 §384.

That the first ground is without merit is clear by reason of the fact the communications were had in the presence of the plaintiff. That the privilege does not apply to communications openly made in the presence of third persons, we expressly held in Ratzlaff v. State, 122 Okla. 263, 249 P. 934.

In support of the second ground there are cited authorities which hold that where the attorney is to be compensated only in event the action is successful, and especially where the compensation is payable out of that which is recovered, he is a party in interest in view of the statute. Such holdings are to be measured in light of the terms of the statutes being construed. In view of the terms of the Oklahoma statute (sec. 384, supra) and the construction thereof by this court, the holdings relied on can afford no help and we therefore do not review them.

In construing the Oklahoma statute, we held in Gaines Bros. Co. et al. v. Gaines, 176 Okla. 576, 56 P. 2d 869:

"Statutes which exclude persons from testifying will be strictly construed in favor of the witness. Classes of persons not named in the statute will not be excluded by implication, even though the reason therefor may seem as strong as those which apply to the persons expressly designated."

And in Webb v. Burnam, 111 Okla. 248, 239 P. 653, 654, in considering the character of interest that disqualified those who were actual parties to the action, we said:

" . . . It is not interest in the result of the litigation that disqualifies the witness to testify to communications and transactions had personally with the decedent, but it is the fact that he has acquired title to the cause of the action from such deceased person and the adversary or 'adverse party is the executor, administrator,' etc."

The witness was competent, and the court committed no error in permitting her to testify or in refusing to strike her testimony.

The conclusion of the trial court is fully sustained by the evidence.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.