BERRY et al. v. JANEWAY.

No. 34308.   June 3, 1952.

*245 P. 2d 71.*

Ames, Ames & Daugherty and Dudley, Duvall & Dudley, Oklahoma City, for plaintiffs in error.

Rex H. Holden, Oklahoma City, for defendant in error.

PER CURIAM. This case turns upon the correct interpretation of the "Dead Man's Statute," Title 12 O. S. 1951 §384 as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person, * * *"

Upon the death of P. A. Janeway, his estate was administered in the county court of Oklahoma county. Among his papers was found a note executed by

H. L. Berry and W. N. Hayes on March 1, 1943, payable to P. A. Janeway on demand. Upon final distribution of Mr. Janeway's estate, this note was distributed to his widow, Elizabeth Janeway, his daughter, Catherine J. McCann, and his son, Rodney F. Janeway. Mrs. Janeway and Mrs. McCann thereafter assigned their interests in the note to Rodney F. Janeway who brought suit upon the note against the makers. Defendants answered denying liability and alleging that the note was executed purely for the accommodation of P. A. Janeway and without consideration.

On the trial of the case, H. L. Berry sought to testify concerning the execution of the note and its purpose as alleged in the answer. This offer was denied by the court on the ground that he was incompetent as a witness and was prohibited under the quoted statute from testifying relative to any transactions, or communications, had with Mr. Janeway relative to the note. Judgment was entered for the plaintiff, and the defendants appeal. The sole question presented is whether or not Berry was prohibited from testifying concerning the transactions and conversations with P. A. Janeway with relation to the note.

At common law there was no inhibition against any person testifying relative to conversations or transactions had with the deceased person. All such inhibitions are statutory, and being in derogation of the common law must be strictly construed. Mike v. Gidney, 195 Okla. 472, 159 P. 2d 240; Wright v. Guinn, 201 Okla. 565, 207 P. 2d 912; York v. Long, 186 Okla. 643, 99 P. 2d 1041; First National Bank & Trust Co. v. Bohannon's Heirs, 199 Okla. 665, 189 P. 2d 612. Most of the states have now passed such acts, but they vary considerably. The purpose of such acts, of course, is to prevent a person from testifying concerning a conversation or transaction when the other party thereto, being deceased, is not able to appear and answer or refute such testimony. However, the degree of such inhibition varies in the various states.

The statute as it now exists, and as above quoted, is in itself rather difficult of grammatical construction. However, we are of the opinion that the statute is correctly analyzed in Webb v. Burnam, 111 Okla. 248, 239 P. 653 as follows:

"Plaintiff contends that the words 'such party,' in the last clause, refer to the parties designated in the preceding clause as 'executor, administrator,' etc., and not to the party referred to in the first line of the section and upon whom the inhibition to testify is laid. Applying this construction, plaintiff says, since the administrator was the adverse party, acquiring his interest directly from the decedent, and the witness, Fickel, was a defendant, testifying in his own behalf, that he was incompetent so to testify under this statute. Plaintiff cites Grosshart v. McNeal et al., 95 Okla. 102, 218 P. 329, and quotes a part of a paragraph in the case on page 105 of the Oklahoma Reports in support of his contention. The part quoted is as follows:

" 'It will be noted that the statute does not purport to disqualify a person to testify in his own behalf in respect to a transaction or communication had personally by such party with a person since deceased. It does so only when the adverse party is the executor or administrator.'

"It will be observed that this quotation is true to the text except the last two words which do not appear as quoted. It will be further observed that the quotation is only a part of the court's reasoning on this point under consideration. The closing part of the argument uses the language of the statute: 'Where such party has acquired title to the cause of action immediately from such deceased person;' then the word 'immediately' is construed to mean 'directly or without an intermediary.' 'Such party' as used in the last part of the argument evidently refers back to the party whose testimony is in question. It is not interest in the result of the litigation that disqualifies the witness to testify to communications and transactions had personally

with the decedent, but it is the fact that he has acquired title to the cause of the action from such deceased person and the adversary or 'adverse party is the executor, administrator,' etc.

"Plaintiff also relies on first paragraph of the syllabus in Bellamy v. Bellamy, 93 Okla. 286, 220 P. 844. This paragraph reads as follows:

" 'A party to a civil action is incompetent to testify in his own behalf in regard to any transaction or communication had personally with the deceased, if the adverse party * * * has acquired title to the cause of action immediately from the deceased person.'

"In quoting this paragraph plaintiff in his behalf, by parenthesis, inserts the word 'adverse' between the words 'party' and 'has' in the last clause, indicating his construction of the meaning, in order to make it fit his contention, but we cannot consent to this insertion as the meaning of the statute or the meaning of the rule quoted.

"The witness, Fickel, was a party to the litigation, but he did not acquire his title and interest immediately from the decedent and there was no error in permitting him to testify as to the true consideration agreed on by the decedent and Burnam for the quitclaim deed made to Burnam."

Webb v. Burnam, supra, has been cited with approval and followed in York v. Long, supra; First National Bank & Trust Co. v. Bohannon's Heirs, supra; Wright v. Quinn, supra; and Ward v. Ward, 189 Okla. 609, 119 P. 2d 64. In the latter case, citing Webb v. Burnam, supra, as authority, it was said:

"In Scott v. Bennett, 138 Okla. 272, 281 P. 251, we held that the provision of that section applies only where the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of the deceased person. Here the opposite party claimed to be, and possibly was, a surviving partner of deceased. But it may be noted that it must further appear that, even though the adverse party may be in one or more of the relations to the deceased person mentioned in the statute, the party called upon to testify must also have acquired title to the cause of action immediately from the deceased person, before the statute disqualifies the witness. If the party did not acquire title to the cause of action directly from the deceased person, he is not disqualified under the statute."

We think these cases correctly analyze the statute and therefore hold that it makes a witness incompetent to testify concerning transactions or communications with a deceased person only where the witness seeks by his own testimony to prove a cause of action against the executor, administrator, heir at law, next of kin, surviving partner or assignee of the deceased person, where the witness has acquired title to the cause of action immediately from the deceased person. In this case the defendant Berry does not assert or seek to establish a cause of action against the plaintiff, but only seeks to defend against a cause of action asserted by the plaintiff against him. The statute does not make him an incompetent witness for that purpose.

We are fully aware of numerous decisions of this court which fail to make the distinction we have noted. In his brief defendant in error, Janeway, cites Doyle v. Doyle, 184 Okla. 572, 89 P. 2d 305, wherein the court held that the defendant was incompetent to testify concerning the transactions with the decedent when sued by the administrator upon a note given by defendant to the decedent. The factual situation is very similar to that in the case at bar. But it is noted that in the Doyle case, the quotation from the statute omits the material portion, to-wit: "where such party has acquired title to the cause of action immediately from such deceased person." Nor is any reference made to Webb v. Burnam, or any of the cases following it. The court cites as its authority for its holding Oklahoma National Bank of Cushing v. Keller, 124 Okla. 280, 256 P. 34, in which case the statute is again

misquoted, and relies upon the opinion of Judge Brewer in Wills v. Wood et al., 28 Kan. 400. But it is noted that the Kansas statute involved in Wills v. Wood, supra, prohibits testimony concerning transactions or conversations with a deceased party "where *either* party to the action claims to have acquired title directly or indirectly from the deceased person, *or* when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee" of the deceased person.

Likewise, in the Doyle case, reliance is placed on Barrows v. Alford, 129 Okla. 265, 264 P. 628, which again cites Wills v. Wood, supra, as authority together with Wadleigh v. Parker, 34 Okla. 213, 124 P. 957, and American Trust Co. v. Chitty, 36 Okla. 479, 129 P. 51, in both of which cases there was involved the statute as it appeared in the 1909 Code, sec. 5841, as follows:

"No party shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where *they have* acquired title to the cause of action immediately from such deceased person."

Under that statute the disqualification arises where the cause of action has vested in the executor, administrator, heir at law, next of kin, surviving partner or assignee of the decedent, which is the exact opposite or reverse of the present statute. If section 5841 of the 1909 Code were now in force, the ruling of the trial court in this cause would have been correct. The change made in the 1910 Code, and carried forward to the present, apparently has not been fully appreciated and understood, and unfortunately, in several later opinions of this court, of which Doyle v. Doyle, supra, is typical; the rule in Wadleigh v. Parker,

supra; and American Trust Co. v. Chitty, supra, has been followed.

We therefore decline to follow Doyle v. Doyle, supra. The rule in **Webb v.** Burnam, supra, we believe to be correct. Since in this case, the defendant Berry did not obtain title to any cause of action directly from P. A. Janeway, and was not seeking to enforce or prove any such cause of action by his testimony, but merely seeking to defend against an action brought by an heir at law of the decedent, the statute did not prohibit him from testifying concerning his transactions or conversations with the decedent out of which the alleged cause of action arose.

Reversed and remanded, with directions to grant a new trial.

This court acknowledges the services of Attorneys A. Camp Bond, Kelley Brown, and Harry G. Davis, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. HALLEY, V.C.J., dissents.

HALLEY, V.C.J. (dissenting). In my opinion, §384, Title 12 O.S. 1951 is not clear in itself, but this court construed it in Doyle v. Doyle, 184 Okla. 572, 89 P. 2d 305, and held that makers of a note could not testify regarding alleged conversations the makers had with the payee, then deceased. The facts in that case are on all fours with those in this case. The Doyle decision was rendered in April, 1939. Six sessions of the Legislature have passed since that decision, and no effort has been made to change the statute. It is not an unreasonable construction, and I think it should stand.

I dissent.