GRAND LODGE OF THE INDEPENDENT ORDER OF ODD FELLOWS of Oklahoma, a benevolent corporation, Plaintiff in Error,

v.

Virgie STUBBS and the Seventh Day Adventist Church, 900 South New Haven Avenue, Tulsa, Oklahoma, Defendants in Error.

No. 37133.

Supreme Court of Oklahoma.

June 12, 1956.

Rehearing Denied July 10, 1956.

Marvin T. Johnson, Tulsa, R. O. Wilson, Ponca City, for plaintiff in error.

Spillers & Spillers, Tulsa; for Virgie Stubbs, defendant in error.

Dyer & Powers, Tulsa, for the Seventh Day Adventist Church, Tulsa, defendant in error.

PER CURIAM.

The parties occupy the same relative positions here as in the trial court and will be referred to by their trial court designation. The plaintiff alleges title to the property in question by virtue of a deed from the parties' common grantor dated June 10, 1954. The defendants' claim to ownership is based on a deed from the grantor dated May 12, 1954, and filed for record the following day. The controversy surrounds the validity of the deed of May 12. By reply to the answer and cross-petition the plaintiff alleges the defendants' deed conveyed no title because it was without consideration and the grantor's signature was obtained by fraud. Mr. Z. O. Parnell, the former owner and grantor of both deeds, died September 27, 1954, prior to trial, at 87 years of age.

The evidence of the plaintiff pertinent to the alleged fraud consisted mostly of testimony of persons relating statements of the deceased grantor. All of the testimony of this nature was objected to by the defendants as being hearsay. The most pertinent testimony for the defendants consisted of a statement of the circumstances surrounding the execution of the deed by four witnesses to the event, including the notary. This notary testified that she read the instrument to the grantor before he signed and that he knew the instrument was a deed. After signing, Mr. Parnell gave the deed to Mrs. Stubbs. At the conclusion of the trial, the defendants once again moved the court to strike the alleged hearsay testimony. The plaintiff likewise moved the court to strike the testimony of Mrs. Stubbs concerning her transaction with the deceased grantor. After argument the court announced its judgment, stating:

" 'Well, gentlemen, we have been discussing the question of admissibility of certain evidence that the court per-

mitted to go in during the trial. * * * Quite frankly, gentlemen, the question so far as the decision in this case are purely academic because without considering all of the testimony of Mrs. Stubbs and considering all of the testimony offered on behalf of the plaintiff I would still be compelled to say that the plaintiff has not met the burden that was theirs or proved their case and upon consideration of all of the testimony of the plaintiff and excluding the testimony of Mrs. Stubbs I reach that conclusion. * * * I am clearly of the opinion that the statements were hearsay and inadmissible even under any exception to the hearsay rule. As to the competency of the witness Stubbs * * * I would be of the opinion that she would be permitted to testify defensively, * * *. But, as I say, these matters of the admissibility are academic inasmuch as considering all of the plaintiff's evidence and disregarding Mrs. Stubbs' testimony the Court feels plaintiff cannot win in this controversy * * *.'

" 'So the judgment will be for the defendants against the plaintiff's petition.' "

The court made no order striking the testimony objected to by either party. It thus clearly appears from the quoted remarks that the court considered all the evidence offered by the plaintiff as insufficient to meet the burden of proof required of it to show the fraud by clear and convincing evidence. Montgomery v. Willbanks, 198 Okl. 684, 181 P.2d 240. The testimony of the defendant, Mrs. Stubbs, after the plaintiff had introduced testimony concerning the execution of the deed stating her transaction with the deceased grantor was properly admitted in evidence in defense to the plaintiff's cause of action. Berry v. Janeway, 206 Okl. 555, 245 P.2d 71; Shaw v. Shaw, Okl., 282 P.2d 748. But, had it been error it would have been merely harmless error in view of the court's statement that he excluded it from his consideration in determining that the plaintiff had failed to prove its case.

This action was tried by the court without the aid of a jury. Assuming the evidence offered by the plaintiffs to be competent, it is directly contradicted on the question of fraud by the evidence of the defendants. The judgment of the court is not against the clear weight of all the evidence. Freeman v. Benton, 199 Okl. 669, 189 P.2d 944.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.