DEATON, GASSAWAY & DAVISON,
INC., Appellees,

v.

Hugh Vernon THOMAS and Royce Thomas, Co-Administrators of the Estate of Hugh Max Thomas, Deceased, Appellants.

No. 49416.

Supreme Court of Oklahoma.

May 10, 1977.

Roger L. Benson, Ada, for appellees.

John B. Axton, Coalgate, for appellants.

HODGES, Chief Justice.

Deaton, Gassaway & Davison, Inc., a professional corporation, appellees, submitted a claim to the appellants, the co-administrators of the estate of Hugh Max Thomas, deceased, for recovery of attorney fees for legal services rendered. The claim was denied, and appellees brought an action to recover on the contract. The parties waived a jury, and stipulated that the issue of whether the fees were due appellees could be tried to the court. At the trial, Austin R. Deaton, Jr., the president and general manager of the corporation was called as a witness for appellees. Appellants objected that he was incompetent to testify because of the prohibitions enumerated in 12 O.S.1971 § 384.[1] The court overruled the objection and he was allowed to testify. He testified that: at all times in his representation of decedent he was acting as an employee and agent of the corporation; the corporation had performed certain services at decedent's request in a divorce action for which decedent agreed to pay the sum of $5,000; no part of that sum

had been paid; the professional corporation performed other services for decedent and expended sums for his benefit; and the balance due on that separate account was $625.

Appellees rested their case, after Deaton's testimony, and appellants demurred to the evidence and moved to strike the testimony on the grounds that the witness was incompetent to testify under 12 O.S.1971 § 384. After arguments and presentation of authority by counsel, the court overruled appellants' motions. They elected to stand on the demurrer and refused to submit any evidence. The trial court granted judgment in favor of appellees and against the administrators of the estate for the sum of $5,625 and against the co-administrators as individuals for the costs of the action, including $1,400 as an attorney fee, which appellants stipulated was a reasonable fee for the services of appellees' attorney in the trial.

The question on appeal is whether a lawyer, who is a member of a professional corporation, is a competent witness as the representative of the corporation seeking to recover an attorney fee, or is his testimony precluded by the "Deadman's Statute," 12 O.S.1971 § 384.[2] The novel question concerning applicability of the "Deadman's Statute" to lawyers,[3] and the extent, if any,

1. The "Deadman's Statute," 12 O.S.1971 § 384 provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case; nor shall such party or assignor be competent to testify to any transaction had personally by such party or assignor with a deceased partner or joint contractor in the absence of his surviving partner or joint contractor, when such surviving partner or joint contractor is an adverse party. If the testimony of a party to the action or pro-

ceeding has been taken, and he afterwards die, and the testimony so taken shall be used after his death, in behalf of executors, administrators, heirs at law, next of kin, assignee, surviving partner or joint contractor, the other party, or the assignor, shall be competent to testify as to any and all matters to which the testimony so taken relates."

2. See note 1, id.

3. There is an extensive annotation dealing with testimony of attorneys, but no cases are included involving a member of a professional corporation. See Annot., "Statutes Excluding Testimony of One Person Because of Death of Another As Applicable to Attorneys," 67 A.L.R.3d 924 (1975).

In *Wright v. Quinn*, 201 Okl. 565, 207 P.2d 912 (1949), the Court held:

"One employed and acting as attorney for a party litigant and whose fee is dependent upon the success of the litigation is not disqualified to testify upon the issue involved by

a lawyer doing business as a professional corporation may avoid its application is a case of first impression.

The general rule under the provisions of the statute, and the rule in Oklahoma, is that a party to a civil action against the administrator of the estate of a decedent for services rendered is incompetent to testify in his own behalf to facts which will raise an implied contract between the party and the decedent. However, the statute is to be strictly construed and a party is disqualified only when conditions expressly mentioned in the statute exist. Classes of persons not named in the statute are not to be excluded even though the reasons for excluding them may seem as strong as those applicable to persons expressly designated.[4]

There is a split in authority concerning whether an attorney is competent to testify under various dead man statutes applying either to parties to the action or to parties to the transaction or contract in question.[5] However, the competency of an officer and stockholder of a business corporation as a witness has been upheld. In *Mud Products v. Gutowsky,* 274 P.2d 389 (Okl.1954) the corporation brought an action against the executor to recover a money judgment for drilling mud sold and delivered to decedent. The corporation called its secretary-treasurer, who was also a stockholder in the corporation, as a witness. The executor objected that the witness was incompetent to testify, and the objection was sustained by the trial court. On appeal, this Court determined that only one who is a party to a court action is prohibited by the statute from testifying concerning transactions and communications had with a deceased person under the conditions prescribed by the statute. The court said:

"We are of the view, and so hold, that the representative of the plaintiff corporation, whether his title is that of manager

reason of the provisions of Tit. 12 O.S.1941 § 384."

4. *L. C. Jones Trucking Co. v. Jenkins,* 313 P.2d 530, 533 (Okl.1959); *Clammer v. Fullerton,* 259 P.2d 823 (Okl.1953); *Berry v. Janeway,* 206 Okl. 555, 245 P.2d 71 (1952); *Gaines Bros. Co. v. Gaines,* 176 Okl. 576, 56 P.2d 869 (1936); *Mitchell v. Koch,* 193 Okl. 342, 143 P.2d 811 (1943); *Pancoast v. Eldridge,* 157 Okl. 195, 11 P.2d 918 (1932); See Annot., "Statute excluding testimony of one person because of death of another as applicable to testimony as to services upon which his claim against decedent's estate is based," 155 A.L.R. 961, 982 (1945).

5. An attorney brought an action against the administrator for legal services rendered decedent in *Davey v. Janson,* 62 Ariz. 39, 153 P.2d 158, 160 (1944). The Arizona Supreme Court held it was not an abuse of discretion to permit the attorney to testify regarding oral agreements with decedent notwithstanding the statute Code 1939 § 23–105, which disqualified witnesses to transactions with decedent unless required to testify by the court. The Supreme Court of Iowa in *Johnson v. Fosnacht,* 245 Iowa 1251, 65 N.W.2d 446 (1954) held that an attorney filing a claim against the estate of decedent for legal fees was not a competent witness to testify regarding payment of the expenses where the testimony was prohibited by the deadman's statute and the written contract between the attorney and decedent expressly prohibited reimbursement for such expenses. In *Greenberg v. Feather,* 124 N.J.L.

469, 12 A.2d 241, 242 (1940) an attorney brought an action against executrix for recovery of fees; he was held incompetent to testify because of the statute providing when one party sues, or is sued in a representative capacity, no other party thereto may testify as to any transaction with decedent. In the case of *Wright v. Quinn,* 201 Okl. 565, 207 P.2d 912 (1949), the attorney for the plaintiff who was employed on a contingent fee basis was allowed to testify as to facts necessary to establish plaintiff's claim against the estate of a deceased defendant. The defendant asserted that the attorney was incompetent to testify because, in effect, the witness had an interest in the judgment and was precluded from testifying by the terms of 12 O.S.1971 § 384. The Supreme Court of the State of Oklahoma sustained the trial court's holding that the witness was competent to testify and stated:

In support of the second ground there are cited authorities which hold that where the attorney is to be compensated only in event the action is successful, and especially where the compensation is payable out of that which is recovered, he is a party in interest in view of the statute. Such holdings are to be measured in light of the terms of the statutes being construed. In view of the terms of the Oklahoma statute, sec. 384, *supra,* and the construction thereof by this court, the holdings relied on can afford no help and we therefore do not review them.

or agent, or that of secretary-treasurer, irrespective of his incidental stock ownership is not a party to the action within the meaning of sec. 384 . . . ."

A statute prohibiting the parties or parties in interest to a suit against the estate of a decedent from giving evidence is construed not to include the agents of parties who are not made parties to the action because to hold that agents are also barred from giving evidence by the statute would obviously be adding to its terms. The agent is not rendered incompetent as a witness for his principal by the death of the party with whom he dealt. Officers and employees of a corporation are not incompetent to testify of transactions with decedent and, although a corporation can speak only through its officers, they are not parties to the suit within the meaning of the statute.[6] The only party plaintiff was the corporation of which the witness was an officer and employee. The witness was not a party and pursuant to 12 O.S.1971 § 384 was not proscribed from testifying concerning transactions with decedent.[7] The testimony is undisputed that: appellee is a corporation; the witness was an employee of the corporation; and all transactions with decedent were on behalf of the corporation. Under the rationale of *Mud Products v. Gutowsky,*

*supra,* it is apparent that the witness is not a party to the action and competent to testify to relevant facts tending to support the professional corporation's cause of action.[8]

Appellants assert, however, that a different rule should be applicable to professional corporations. The Legislature emphasized the point in 18 O.S.1971 § 814 which provides a professional corporation may not do any act which is prohibited by individual persons licensed to practice the profession which the professional corporation is organized to render.[9] It is also provided by the Act that professional corporations shall enjoy the same powers and privileges of business corporations except where it is inconsistent with the letter and purpose of the Act.[10] We must determine whether the two acts conflict. The Oklahoma Professional Corporation Act, 18 O.S.1971 § 801 *et seq.* has a stated statutory policy that it is to be construed to effectuate its general purpose of affording the benefits of the corporate form for the business aspects of professional practice while preserving the established professional aspects of the personal relationship between professional persons and those he serves.[11] It is specifically provided by 18 O.S.1971 § 812 that the Act does not alter any law applicable to the

---

**6.** *Central Maine General Hospital v. Carter,* 125 Me. 191, 132 A. 417, 44 A.L.R. 1333 (1926).

**7.** *L.C. Jones Trucking Co. v. Jenkins,* 313 P.2d 530, 533 (Okl.1959).

**8.** Stockholders have been disqualified under statutes in other jurisdictions which disqualify interested persons as witnesses. Similarly an officer of a corporation if also a shareholder is held to have an interest in the litigation. See *Music City, Inc. v. Duncan's Estate,* 185 Colo. 245, 523 P.2d 983 (1974); *Taylor v. First National Bank of Tuskaloosa,* 279 Ala. 624, 189 So.2d 141 (1966). The states have a statute prohibiting interested parties from testifying. The Oklahoma statute is confined to parties to a civil action.

**9.** 18 O.S.1971 § 814 provides:
No professional corporation may do any act which is prohibited to be done by individual persons licensed to practice the profession which the professional corporation is organized to render.

**10.** The applicability of the Oklahoma Business Corporation Act is set forth in 18 O.S.1971 § 805:
The Business Corporation Act shall be applicable to professional corporations, and they shall enjoy the powers and privileges and be subject to the duties, restrictions, and liabilities of other corporations, except where inconsistent with the letter and purpose of this act. This act shall take precedence in the event of any conflict with provisions of the Business Corporation Act or other laws.

**11.** 18 O.S.1971 § 802 provides:
This act shall be so construed as to effectuate its general purpose of making available to professional persons the benefits of the corporate form for the business aspects of their practices while preserving the established professional aspects of the personal relationship between the professional person and those he serves.

relationship between a person rendering professional services and a person receiving the service, including liability arising out of the services.[12] However, it has long been the rule in Oklahoma that the prohibitions of 12 O.S.1971 § 384 will not be extended by judicial fiat and that the proscriptions of the statute are to be strictly construed in favor of such testimony.

We, therefore, find that Austin Deaton, Jr. was not included in the statute as a party and his testimony is not incompetent even though the reason for excluding it may seem as strong as the exclusion applicable to persons expressly designated.[13]

Attorney fees awarded appellees in the amount of $500.00.

AFFIRMED.

LAVENDER, V. C. J., and WILLIAMS, IRWIN, BARNES and DOOLIN, JJ., concur.

BERRY, J., dissents.

---

**12.** 18 O.S.1971 § 812 provides:

This act does not alter any law applicable to the relationship between a person rendering professional services and a person receiving such services, including liability arising out of such professional services.

