JESSE W. JOHNSON, appellant, v. GEORGE FOSNACHT, executor of last will and testament of FANNIE GERDES BURKHOLDER, deceased, appellee.

No. 48507.

(Reported in 65 N.W.2d 446)

1252

JULY 26, 1954.

REHEARING DENIED SEPTEMBER 24, 1954.

Jesse W. Johnson, of Nevada, pro se.

William O. Slade, of Cedar Rapids, for appellee.

MULRONEY, J.—Appellant filed a verified itemized claim in the estate of Fannie Gerdes Burkholder. The record does not contain a copy of the claim, but various other portions of the record and claimant's testimony show the claim was for reimbursement for expenses incurred by claimant, who is an attorney, in the handling of a partition and accounting action for deceased in the circuit court of Whiteside County, Illinois. The amount of the claim was $808.97 and the record shows no part of the claim was for any fee for legal services.

The executor contested the claim and in the trial to the court claimant contends it was established by this portion of his testimony: "When these expenditures were made by me, I expected to be reimbursed therefor. There was a mutual expectation and understanding between my client and myself that I should be fully reimbursed for such expenditures." Claimant acted as attorney pro se and, since he was testifying narratively and the trial was to the court, a standing objection of in-

competency under the dead man statute was allowed by the court to all of claimant's testimony.

The executor introduced a contingent fee contract signed by testatrix and claimant giving the latter twenty-five per cent of the recovery in the Illinois suit and specifically providing: "* * * said attorney [claimant] shall make no claim for reimbursement for moneys expended by him in transportation, hotel bills, meals, incidental expenses or, for time spent in services in court; or, for preparations in connection with such services."

The trial court held for the executor·on the basis of the above clause in the written contract but added also that plaintiff failed to establish his claim because that portion of his testimony wherein he stated there was a "mutual expectation and understanding" for repayment of expenses was, insofar as decedent's state of mind was as stated, vulnerable to the objection of incompetency under the dead man statute.

I. The argument in claimant's brief is rather confusing but we will try to state his contentions. In one assigned error he challenges the ruling of the trial court that plaintiff was not a competent witness to testify testatrix understood and expected to pay these expenses. The ruling was right. Claimant was not a competent witness to testify as to what his deceased client's state of mind was, for that would be no more than a conclusion drawn from some act or conversation, prohibited by the dead man statute. Clearly, claimant would be barred from testifying as to facts which would tend to establish an express or implied contract between claimant and decedent. Griffith v. Portlock, 233 Iowa 492, 7 N.W.2d 199. That being true, he cannot avoid the bar of the statute by simply stating decedent "understood" that she was to pay, for that is merely a conclusion which he draws from facts he cannot relate. But, in any event, the real basis for the trial court's opinion was the clause in the written contract. Claimant's argument seems to admit this clause would bar recovery, but he argues there was some other "implied" contract or even a later written contract which superseded this written contract. There was no evidence of a later written contract and, as we have pointed out above,

claimant was not a competent witness as to facts tending to prove an implied contract.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.